# UNITED STATES *v.* MOUAT.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted December 14, 1887.— Decided January 23, 1888.

A paymaster's clerk, appointed by a paymaster in the navy with the approval of the Secretary of the Navy, is not an officer of the navy within the meaning of the act of June 30, 1876, 19 Stat. 65, c. 159, so as to be entitled to the benefit of the mileage allowed by that act.

THE petition of the defendant in error in the Court of Claims was as follows:

"The claimant, David Mouat, respectfully showeth as follows:

"I. That on the 16th day of November, 1885, he was appointed a paymaster's clerk in the United States Navy, on board the United States receiving ship 'Vermont,' subject to the laws and regulations governing the United States Navy. That the said appointment was approved by Capt. A. P. Cooke, commanding the 'Vermont,' and by D. B. Harmony, Acting Secretary of the Navy. That on the 19th day of November, 1885, he accepted by letter said appointment, and on the same day took an oath to comply with and be obedient to such laws, regulations, and discipline of the navy as were then in force, or that might be enacted by Congress, or established by other competent authority. Copies of the said appointment, the

letter of acceptance, and the oath are hereto annexed as Exhibit No. 1.[1]

"II. That when he received said appointment he was in Chicago, in the State of Illinois, where the appointment was addressed. In the said letter of appointment he was directed to proceed to New York via Washington, D. C. That after his acceptance of said appointment, and taking the oath aforesaid and the oath to support the Constitution of the United States, and to faithfully discharge the duties of the office upon which he is about to enter, he proceeded to New York via Washington, D. C., and on November 30, having arrived in New York, reported at the navy yard for duty as directed.

"III. That under the army mileage table, which has been adopted by order of the Secretary of the Navy as the correct table of distances in the United States, and as the standard for determining the distances travelled by officers in the naval service, the distance from Chicago to Washington, D. C., is 813 miles, and from Washington to New York 228 miles, the whole distance travelled under orders being 1041 miles.

"IV. That under the act of Congress of June 30, 1876, he was entitled to be allowed and to receive the sum of eight cents per mile for this distance, the same being $83.28.

"V. That upon the presentation of his claim for the above amount of mileage the same was settled and allowed by the Fourth Auditor of the Treasury, but was not allowed by the Second Comptroller of the Treasury, and that the claimant has not received any part thereof.

"That since the passage of the act of June 30th, 1876, it has been the practice to allow mileage to paymasters' clerks who were ordered to sea-going vessels upon travel as performed within the United States from July 1st, 1876, to February 5th, 1886. It has never been the practice to consider clerks employed by pay officers on shore stations as entitled to mileage.

"VI. No assignment or transfer of this claim, nor of any part thereof, nor of any interest therein, has been made; the claimant is justly entitled to the amount claimed in this peti-

---

[1] It does not appear to be necessary to reprint these exhibits.

tion from the United States after allowing all just credits and set-offs; he is a citizen of the United States, and has at all times borne true allegiance to the United States, and he believes the facts stated in the petition to be true.

"Wherefore he prays judgment against the United States in the sum of $83.28."

To this petition the United States filed a general demurrer, upon which the Court of Claims rendered a judgment in the petitioner's favor for $83.23; from which judgment the United States took this appeal.

*Mr. Attorney General, Mr. Assistant Attorney General Howard,* and *Mr. F. P. Dewees* for appellant.

*Mr. Linden Kent* for appellee.

Mr. Justice Miller delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims, in favor of David Mouat, for the sum of $83.28.

The question arises as to the compensation to be paid to Mouat for travelling expenses while acting as a paymaster's clerk. The act of Congress of June 16, 1874, making appropriations for the support of the army for the next fiscal year, has appended to the clause providing for the transportation of officers and baggage, and for their travelling expenses, the following:

"Provided, that only actual travelling expenses shall be allowed to any person holding employment or appointment under the United States, and all allowances for mileages and transportation in excess of the amount actually paid are hereby declared illegal; and no credit shall be allowed to any of the disbursing officers of the United States for payment or allowances in violation of this provision." 18 Stat. 72, c. 285.

This proviso in its terms is applicable to every person holding employment or appointment under the United States, and seems to be one of those frequent cases in which Congress in a general appropriation bill has intentionally enacted some law

reaching far beyond the general scope of the bill itself. Its obvious purpose was to abolish all payments for travelling expenses in which a specific allowance per mile was made by law, and to establish the more equitable principle of paying the actual expenses of persons travelling in the service of the Government. And it is to be observed that the universality of this principle is secured by the use of the two words "employment or appointment" in reference to persons serving under the Government of the United States.

Two years later, when Congress was making appropriations for the *naval* service, by the act of June 30, 1876, the attention of that body seemed to be directed to the fact that it included officers of the navy, as well as all other officers of the Government. That act contains the following provision:

"And so much of the act of June sixteenth, one thousand eight hundred and seventy-four, making appropriations for the support of the army for the fiscal year ending June thirtieth, one thousand eight hundred and seventy-five, and for other purposes, as provides that only actual travelling expenses shall be allowed to any person holding employment or appointment under the United States while engaged on public business, as is applicable to officers of the navy so engaged, is hereby repealed; and the sum of eight cents per mile shall be allowed such officers while so engaged, in lieu of their actual expenses." 19 Stat. 65, c. 159.

By this declaration Congress did not repeal the whole of that statute. It did not even repeal it as applicable to the entire navy, but it selected a certain class of persons in the navy to whom it should no longer apply, and who should thereafter be relieved from keeping an account of their actual expenses while travelling for the Government, and should be allowed eight cents per mile in lieu thereof.

The class of persons thus relieved from the effect of the act of 1874 is designated as "officers of the navy." No other person holding an employment or appointment under the United States, although in the navy, was thus relieved from the effect of that act. As this is a special statute, exempting for particular reasons a certain class of persons from the operation of a

general law, which was left to include all other persons in the employment of or holding an appointment under the Government of the United States, it is obviously proper to confine that class to those who are, properly speaking, officers of the navy. There is nothing in the context, nor in the reason which may have been supposed to influence Congress in making this exception out of the general law, justifying its application to any other persons than those who are, strictly speaking, officers of the navy.

What is necessary to constitute a person an officer of the United States, in any of the various branches of its service, has been very fully considered by this court in *United States v. Germaine*, 99 U. S. 508. In that case, it was distinctly pointed out that, under the Constitution of the United States, all its officers were appointed by the President, by and with the consent of the Senate, or by a court of law, or the head of a Department; and the heads of the Departments were defined in that opinion to be what are now called the members of the Cabinet. Unless a person in the service of the Government, therefore, holds his place by virtue of an appointment by the President, or of one of the courts of justice or heads of Departments authorized by law to make such an appointment, he is not, strictly speaking, an officer of the United States.

We do not see any reason to review this well established definition of what it is that constitutes such an officer.

In response to this objection to the claimant as an officer of the United States, it is alleged that his appointment as paymaster's clerk, as shown by the finding of facts in the Court of Claims, although made by a paymaster in the United States Navy, has endorsed on it the approval of D. B. Harmony, Acting Secretary of the Navy. If there were any statute which authorized the head of the Navy Department to appoint a paymaster's clerk, the technical argument, that the appointment in this case, although actually made by Paymaster Whitehouse and only approved by Harmony as Acting Secretary in a formal way, with the approval of a half dozen other officers, might still be considered sufficient to call this an

appointment by the head of that Department. But there is no statute authorizing the Secretary of the Navy to appoint a paymaster's clerk, nor is there any act requiring his approval of such an appointment, and the regulations of the navy do not seem to require any such appointment or approval for the holding of that position.

The claimant, therefore, was not an officer, either appointed by the President, or under the authority of any law vesting such appointment in the head of a Department.

Section 1378 of the Revised Statutes enacts that "all appointments in the pay corps shall be made by the President by and with the advice and consent of the Senate." Sections 1386, 1387, and 1388 provide that certain classes of paymasters shall be allowed clerks.

It is obvious from the language of § 1378 that the pay corps is limited to officers commissioned by the President, and that clerks and others who are not so commissioned do not belong to the pay corps. The Naval Regulations of 1876, a copy of which is found in the brief of the appellant, as far as relates to this matter, provide very fully for these clerks, and the manner of their appointment, but nowhere is there any mention that it must be approved by the Secretary of the Navy; on the contrary, it is said that "every officer entitled to a secretary or clerk may nominate him; but the appointment or discharge of a clerk by any officer not in command is subject to the approval of the commanding officer."

From all this it is clear, that neither by the regulations, nor by the statutes, nor by any constitutional provision, is the present claimant an officer of the navy. Undoubtedly Congress may have used the word "officer" in some other connections in a more popular sense, as will be shown in the case of *United States* v. *Hendee*, immediately following this, in which case it will be the duty of the court in construing such an act of Congress to ascertain its true meaning and be governed accordingly.

*The judgment of the Court of Claims is accordingly reversed, and the case remanded to that court with instructions to dismiss it.*