## APPEAL OF HENRY E. COOPER, Secretary of the Territory.

### APPEAL FROM THE AUDITOR.

SUBMITTED APRIL 21, 1902.          DECIDED JUNE 7, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The salaries appropriation act (1901, p. 43, Act 3, §3) provides that a person who holds more than one office shall not draw more than the salary of the highest if that amounts to $1200 a year. The current expense act contains no such provision. Held,

This provision applies where the salary of one such office is payable under the former act and the salary of the other, under the latter act.

Within the meaning of this provision, deputy-sheriffs, public land agents and inspectors of election are officers, but public school teachers and clerks of election precincts are not.

### OPINION OF THE COURT BY FREAR, C.J.

W. A. Ray, E. W. Estep and J. W. Moanauli served as inspectors of election in the First Representative District, Island of Hawaii, and Wm. Ragsdale Kamanao, as clerk of the Second Precinct in said District, at a special election held December 9, 1901. At that time Ray and Estep as principals of public schools, Moanauli as a deputy sheriff and Kamanao as a sub-agent of public lands, were each drawing from the government a salary at the rate of $1200 a year. The question is whether they are entitled to pay as such inspectors and clerk respectively in view of the following provision of the salaries appropriation

act of 1901: "Section 3. No person holding more than one office shall be authorized to draw more than the salary of the highest grade of the office held by him if the salary of any office held by him shall amount to Twelve Hundred Dollars or more per annum, and he shall be entitled to no other compensation." The Auditor held this section applicable and declined to issue the necessary warrants. The Secretary appealed.

The salaries of the teachers, deputy sheriff and land agent are payable out of the salaries appropriation act above referred to, being Act 3 (p. 43) of the extra session. Their compensation as inspectors and clerk are payable, if at all, out of the appropriation for "expenses of election," under the Secretary's control, in the current expense appropriation act, being Act 4 of the same session,—they being entitled to $10 each for the day's services, the inspectors by express provision (Civ. L. p. 824), the clerk by contract with the inspectors, they having employed him as necessary to the holding of the election. This case is of comparatively little importance in itself, but is said to be of greater importance because of other cases that arise from time to time involving the same principles.

1. As to Moanauli, it is clear that he was an officer as an inspector (Org. Act, §§64, 80; Civ. L., pp. 809-824) and also as deputy sheriff (Org. Act, §79; Civ. L., §§1032-1045; Laws of 1901, p. 48). The only question, therefore, as to him is, whether the section above quoted, which of course applies to his salary as deputy sheriff, the appropriation for which is made in the same act, applies also to his compensation as inspector, the appropriation for which is made in the next following act. It is stated that this section has been reenacted in appropriation bills at each session of the legislature for forty years, and that each appropriation bill is limited as to its duration: and it is contended that the section in question has not the effect of general legislation but is limited in its operation to other parts of the same act. It may perhaps be a question whether this provision is of a more permanent nature than the rest of the act (see, however, *U. S. v. Mouat*, 124 U. S. 303), but, assuming that it is not, it does not

follow that it has no application to a case in which one of the salaries is payable under another act covering the same period and passed at the same time. The language is very general— "no person holding more than one office shall," etc., "if the salary of any office held by him shall," etc., "and he shall be entitled to no other or further compensation." But the letter and the reason of the provision would seem to apply to all cases in which more than one office is held by one person. It would seem at least to apply where one of the salaries is provided for in the same act.

It is contended that executive usage and custom support the contention of the appellee, inasmuch as officers in receipt of salaries up to the statutory limit have repeatedly been compensated for extra services not required of them as such officers. In the enumerated instances the compensation was paid to such persons as mere employees and not as officers, and so such cases are distinguishable from this case.

2. As to Kamanao, he was an officer as land agent (Civ. L., §192 *et seq.*; Laws of 1901, p. 56), and the crucial question is, whether he was also an officer as clerk of the election precinct. There is no definition that can be applied to all cases as to what constitutes one an officer. But in our opinion one is not an officer where, as in this instance, the law does not recognize him by providing for his appointment or his pay or his duties or in any way, but he is engaged by other officers to temporarily assist them and is paid according to his contract with them out of an appropriation for general expenses. He was a mere employee. See Mechem, Pub. Of., Ch. 1.

3. As to Ray and Estep, they were officers as inspectors, but were they officers as principals of public schools? This is a question upon which there might be some difference of opinion. Their status in this respect is the same as that of teachers. That would naturally be the case and the statute recognizes it. Civ. L., §110. Possibly teachers are within the reason of the law, though that is not altogether clear. But they do not appear to be within its letter, and it would be unsafe to speculate on the

intention of the legislature. In our opinion, public school teachers are not officers or holders of offices within the meaning of the statute. They are employees. They are not appointed strictly speaking. They are not required to take an oath of office or to give a bond. Their duties are determined for the most part by the Department of Public Instruction rather than by law. Their relation to the public or to the department is rather contractual than official. Their salaries are not specifically provided for by law, but are paid along with other expenses out of a general appropriation in such amounts and at such times as the Department determines. Laws, 1901, p. 56. They do not exercise sovereign functions. See Civ. L., §§107, 110, 111, 113, 119, 124, 125; P. L., §§1391-3. Public school teachers are not generally considered officers elsewhere. *Seymour v. Over-River School District*, 53 Conn. 502; *Butler v. Regents*, 32 Wis. 124; *Commonwealth v. Board*, 187 Pa. St. 70 (41 L. R. A. 498).

Our opinion is that the Auditor properly declined to issue a warrant for the inspector Moanauli but erroneously declined to issue warrants for the other inspectors and the clerk.

Judgment accordingly.

*Secretary H. E. Cooper* in person.

*Attorney-General E. P. Dole* for the Auditor.