### SCULLY v. UNITED STATES.

(Circuit Court, D. Nevada. May 28, 1910.)

No. 1,017.

COURTS (§ 296*)—JURISDICTION OF FEDERAL COURTS—"OFFICER OF THE UNITED STATES."

Under Const. art. 2, § 2, providing for the appointment of officers by the President or heads of departments, a deputy United States surveyor, appointment of whom by a Surveyor General is provided for by Rev. St. § 2223 (U. S. Comp. St. 1901, p. 1362), is not an "officer of the United States" within Act March 3, 1887, c. 359, § 2, 24 Stat. 505, as amended by Act June 27, 1898, c. 503, 30 Stat. 495 (U. S. Comp. St. 1901, p. 753), withdrawing from the jurisdiction of the Circuit and District Courts suits for fees, salary, or compensation for official services of officers of the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 838; Dec. Dig. § 296.*

For other definitions, see Words and Phrases, vol. 6, pp. 4933–4951; vol. 8, p. 7737.]

At Law. Action by Dennis Scully against the United States of America. On demurrer to the complaint. Demurrer overruled.

Dennis Scully, in pro. per.
Samuel Platt, U. S. Atty.

FARRINGTON, District Judge. The complainant, a United States deputy surveyor, brings this action to recover compensation for services rendered by him in surveying certain public lands in this

state. The surveys were made under a written contract executed in behalf of the government by the United States Surveyor General for Nevada. This contract is in the form prescribed by the rules of the Land Department.

Defendant contends in support of its demurrer to the complaint that this court cannot entertain an action brought by an officer of the United States against the United States to recover fees, salary, or compensation for official services, that complainant is such an officer, and the recovery sought is for official services. Consequently the court is without jurisdiction of the subject-matter of the action. De-fendant relies upon section 2 of the act of March 3, 1887 (24 Stats. at Large, 505), as amended by the act of June 27, 1898 (30 Stats. at Large, 495) 2 Fed. Stats. Ann. 82. The portion of the statute which is material reads as follows:

"No suit against the government of the United States, brought by any of-ficer of the United States to recover fees for services alleged to have been performed for the United States, shall be allowed under this act, unless," etc.

"Sec. 2. The District Courts of the United States shall have concurrent jurisdiction with the Court of Claims as to all matters named in the preced-ing section where the amount of the claim does not exceed one thousand dol-lars; and the Circuit Courts of the United States shall have such concur-rent jurisdiction in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars. The jurisdiction hereby conferred upon said Circuit and District Courts shall not extend to cases brought to recover fees, salary, or compensation for official services of officers of the United States."

If complainant was an officer of the United States, and the sur-veys made were official surveys within the meaning of the Constitu-tion, this court can afford him no relief, and the demurrer must be sustained. On the other hand, if Mr. Scully was not an officer of the United States, or if the services were not official services, this court has jurisdiction, and the demurrer must be overruled.

The government is served by a vast number of persons, and it is possible that any one of these may have a demand which requires adjustment by some tribunal. The statute does not refer to all cases brought to recover for services rendered to the government by any of its servants, agents, officers, or employés, but only to those which are brought by officers of the United States for official services. By the term "official services," as used in the statute, we are to under-stand only those services which are peculiar to the office of an "of-ficer of the United States," and which such officers are by law au-thorized or required to perform. It is obvious that only cases brought to recover for "official services" of "officers of the United States," a restricted class, are withdrawn from the jurisdiction of the federal courts. Who, then, are "officers of the United States"?

In section 2, article 2, of the Constitution, it is declared that the President—

"shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Su-preme Court, and all other officers of the United States whose appointments are not herein otherwise provided for, and which shall be established by law; but the Congress may by law vest the appointment of such inferior

officers as they think proper in the President alone, in the courts of law, or in the heads of departments."

The Constitution thus divides the officers of the United States into two classes: First, those whom the President shall nominate, and by and with the advice and consent of the Senate appoint. This class includes ambassadors, other public ministers, consuls, judges of the Supreme Court, and all other officers of the United States whose appointments are not otherwise provided for in the Constitution itself, and which shall be established by law; second, inferior officers which shall be established by law, whose appointment Congress may vest in the President alone, in the courts of law, or in the heads of departments. When Congress creates an office, whether it be inferior or not, and omits to specify how the incumbent is to be appointed, it is one of that class designated in the Constitution as "all other officers of the United States whose appointments are not herein otherwise provided for"; and in such cases the appointment must be made by the President by and with the advice and consent of the Senate. 18 Op. Attys. Gen. 409.

There can be no offices of the United States, strictly speaking, except those which are created by the Constitution itself, or by an act of Congress, and, when Congress does so establish an inferior office, it may authorize the President alone, or the courts of law, or the heads of departments to appoint the incumbent, but no appointee named by the head of a department can be considered an officer of the United States, unless the official making the appointment is authorized by law so to do. If an official has been appointed in any of the modes indicated in the paragraph of the federal Constitution above quoted, he is an officer of the United States. If not so appointed, he may be an employé, a contractor, an agent or servant working for the government, and entitled to salary, fees, wages, or other compensation, but he is not, strictly speaking, one of its officers. The Constitution in the use of the words "all other officers" indicates clearly that it has provided and defined the only methods by which its officers can be appointed; and, if an appointment is made in any other mode, the appointee is not an officer of the United States within the meaning of that instrument. "It is clear," says the court in the case of United States v. Schlierholz (D. C.) 137 Fed. 616, 618, "that no one can be deemed an 'officer of the United States' unless appointed by the President by and with the advice and consent of the Senate, or appointed by the President alone, or a court of law, or the head of a department; and, if the latter, Congress must have vested that power in the person making it, by some statute, and Congress must also have created the office, unless it is one created by the Constitution itself." These views will find abundant support in the following authorities: United States v. Germaine, 99 U. S. 509, 25 L. Ed. 482; United States v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, 31 L. Ed. 463; United States v. Smith, 124 U. S. 525, 8 Sup. Ct. 595, 31 L. Ed. 534; Auffmordt v. Hedden, 137 U. S. 311, 326, 11 Sup. Ct. 103, 34 L. Ed. 674; United States v. Van Leuven (D. C.) 62 Fed. 62; United States v. Cole (C. C.) 130 Fed. 614, 617; United States v. Mullin (D. C.) 71

Fed. 682, 689; Martin v. United States, 168 Fed. 198, 201, 93 C. C. A. 484; United States v. Schlierholz (D. C.) 133 Fed. 333; United States v. Schlierholz (D. C.) 137 Fed. 616.

The appointment of United States deputy surveyors is authorized and provided for in section 2223 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1362), as follows:

"Every Surveyor General shall engage a sufficient number of skillful surveyors as his deputies, to whom he is authorized to administer the necessary oaths upon their appointments. He shall have authority to frame regulations for their direction, not inconsistent with law or the instructions of the General Land Office, and to remove them for negligence or misconduct in office."

There is nothing in the pleadings to indicate that complainant was appointed otherwise than as provided in this statute, or that his appointment was approved by the Secretary of the Interior. My attention has not been called to any act of Congress requiring such approval. Complainant was not appointed by the President alone, or by the President by and with the advice and consent of the Senate, or by a court of law. He was therefore not an officer of the United States, unless the Surveyor General for Nevada, by whom he was appointed, was the head of a department within the meaning of the constitutional provision above recited.

In United States v. Germaine, 99 U. S. 508, 510, 25 L. Ed. 482, and again in United States v. Mouat, 124 U. S. 303, 307, 8 Sup. Ct. 505, 506 (31 L. Ed. 463), the Supreme Court has defined "heads of departments" in this connection to be what are now called members of the President's cabinet. In United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482, the Commissioner of Pensions had appointed Germaine a civil surgeon to examine pensioners and applicants for pensions. The appointment was authorized and made under Revised Statutes, § 4777 (U. S. Comp. St. 1901, p. 3293). The defendant was indicted for violating the act which declares that "every officer of the United States who is guilty of extortion under color of his office shall be punished." Act March 3, 1825, c. 65, § 12, 4 Stat. 118. It was decided that the Commissioner of Pensions is not the head of a department within the meaning of section 2, art. 2, of the Constitution, prescribing by whom officers of the United States shall be appointed, and consequently it was held that such civil surgeons are not officers of the United States. In United States v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, 31 L. Ed. 463, a paymaster's clerk in the navy demanded certain sums as mileage under an act of Congress which allowed such mileage to officers of the navy. The claim was resisted on the ground that the claimant was not an officer. The court held that although he was appointed by a paymaster, and the appointment was approved by the Secretary of the Navy, still it could not be regarded as an appointment by the Secretary of the Navy, because there was no statute authorizing the head of the navy department to appoint a paymaster's clerk. Neither was there any act of Congress or rule of the navy requiring any such appointment or approval in order to vest the clerkship. Consequently, as the clerk

was neither appointed by the President alone, or by the President, by and with the advice and consent of the Senate, or by a court of law, or under the authority of any law vesting such appointment in the head of a department, he was not an officer of the navy.

In United States v. Cole (C. C.) 130 Fed. 614, a large sum of money had been stolen from the United States mint in San Francisco by the chief clerk Walter Dimmick. It appeared that Cole, the cashier, the chief clerk, and the superintendent of the mint, had access to the vault from which the money was taken. Under an act of Congress which provides that the superintendent of each mint shall be the keeper of all bullion or coin in the mint, except while the same is legally in the hands of other officers, the government sought to charge Cole with liability for this money, on the ground that he was an officer, and in his official capacity had received the money into his possession, and therefore was bound to safely keep and account for the same, and pay it over to the government. In defense Cole urged that he was merely an employé, and not an officer of the United States. Cole had been appointed cashier of the mint under Revised Statutes, § 3504 (U. S. Comp. St. 1901, p. 2340), which provides that mint superintendents shall appoint clerks and assistants. Judge Morrow held that the appointment of Cole by the superintendent, and his designation as cashier in the mint, did not make him an officer of the United States under the provisions of the Constitution, and that this was a sufficient defense to the action.

After consideration of the foregoing authorities, it seems clear that a United States deputy surveyor is not, strictly speaking, an officer of the United States. Mr. Scully's claim, therefore, is not one of those which are withdrawn from the jurisdiction of the federal courts.

The demurrer is overruled, and the defendant will have 20 days within which to answer.