PER CURIAM.
A brief statement of this case as outlined by the Supreme Court, is as follows:
“Lucille May Grace and Hale Boggs are candidates for the Democratic nomination for the office of Governor in the primary election to be held on January 15th, 1952, having filed notifications of their respective candidacies with the State Central Committee of the Democratic Party on October 2nd, 1951, in conformity with a call previously issued by the Committee 'at its meeting held on the same day.
“On October 15th, 1951, Miss Grace, acting under authority of LSA-R.S. 18:307, the Primary Election Law, Section 28 of Act No. 46 of 1940 and Section 4 of Act No. 351 of 1946, filed objections to the candidacy of Boggs alleging that he was a member of the United States Congress when (and at all times since) he filed notification of his candidacy and that he was also a member of an organization advocating doctrines inimical to the federal Constitution. She therefore contended that the declaration accompanying Boggs’ notification of candidacy was untrue as he did not possess the qualifications for candidacy prescribed by resolutions of the Committee.
“On October 19th, 1951, when the Committee convened to hear the objections, it entertained a motion to summarily dismiss them because they were allegedly not filed with the Chairman of the Committee but only with its Secretary. The motion was carried by a majority vote of the members of the Committee and the objections were accordingly dismissed.
“Thereafter, within the delay provided by law, LSA-R.S. 18:307, 364, appellant instituted this suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Boggs and the Democratic State Central Committee, seeking a rever *47 sal of the Committee’s decision and for an affirmative ruling that Boggs is disqualified. After a hearing on all phases of the case, the judge maintained several exceptions interposed by appellees and dismissed the suit.”
Plaintiff then appealed to the Supreme Court of the State, which Court transferred the appeal to this Court, so that we find ourselves in the honorary position of passing upon the qualifications of a candidate for the highest Office in the State.
Counsel for Defendant-Appellee have re-urged in this Court a plea to the jurisdiction of the District Court, which was not passed upon by that Court, and which they candidly state was never pressed or argued in the trial Court because they wished a trial on the merits in order to completely vindicate Congressman Boggs.
In support of this exception they rely on Article VIII, Section 12 of the Constitution of 1921 which reads as follows: “The Legislature shall provide by law for the trial and determination of contested elections of all public officers, whether State, district, judicial, parochial, municipal or ward (except Governor and Lieutenant Governor), which trials shall be 'by the courts of law, and at the domicile of the party defendant.” They cite LSA-R.S. 18:307 which says that any suit to contest a decision of the Democratic State Central Committee shall be governed as to “jurisdiction of the court” by the same proceedings as “provided for contesting elections”, and urge that if there is no jurisdiction for “contesting elections” for Governor, under Article VIII, Section 12, there can be none for, contesting the Committee’s decision' dismissing the plaintiff’s protest.
With this contention we cannot agree, being of the opinion that the above quoted provisions of the Constitution restrict the elimination of contests for Governor and Lieutenant Governor purely to contested elections, and not to contests over the eligibility of the contestant. That there is a marked distinction between the two is recognized by the Supreme Court judgment of Nov. 8th, 1951, 55 So.2d 768, transferring the appeal to this Court, wherein that Court took occasion to state as follows: That the Legislature plainly recognized a difference between suits of this nature and election contests there can be little doubt * * sH »
For the foregoing reasons the plea to the jurisdiction of the District Court for the Parish of East Baton Rouge is overruled.
In view of the opinion we have reached on the exception of no cause of action we hereby pass and express no opinion as to all the other exceptions herein filed.
Plaintiff’s petition and documents annexed thereto are as follows:
I—
“Petitioner is a duly qualified candidate for nomination by the Democratic Party for the Office of Governor of the State of Louisiana.
“ — II—
“Defendant, T. Hale Boggs, or Hale Boggs, a resident of New Orleans, filed his written notification and declaration of candidacy for nomination by the Democratic Party for the Office of Governor of the State of Louisiana.
“ — III—
“Petitioner annexes hereto as part hereof, a copy of her protest and objections to the candidacy of said Boggs.
“ — IV—
“Said protest and objections were filed with Jesse Webb, the Secretary of the State Central Committee of the Democratic Party of the State of Louisiana, in Baton Rouge on October 15, 1951.
“ — V—
“The Chairman of said Committee, Henry C. Sevier, was not available at his office or residence in Tallulah, Louisiana, and was absent therefrom, and petitioner could not find him on said 15th day of October 1951.
“ — VI—
“Said protest and objections were delivered by said Secretary to said Chairman on October 16, 1951.
*48 “ — VII—
“Thereupon the said Chairman ordered the Secretary to call a meeting of said State Central Committee to he held in Baton Rouge at 11:00 a. m. on Friday, October 19, 1951, to hear said protest and objections.
“ — VIII—
“Before proceeding to call petitioner’s protest and objections for hearing said Committee adopted a resolution, a copy of which is attached hereto for reference.
“ — IX—
“Petitioner excepted to said resolution, and makes a copy of her exceptions part hereof.
“ — X—
“The Committee then proceeded to a reading of petitioner’s objections and of Boggs’ exceptions and answer thereto.
“ — XI—
“Without calling said exceptions for hearing and having denied petitioner’s counsel an opportunity to be heard thereon, or to offer evidence in opposition thereto, said Committee proceeded to maintain Boggs’ exception “That respondent is informed and believes and so avers said document was filed with the Secretary of the Democratic State Central Committee and not on the Chairman thereof.”
“ — XII—
“Said Committee dismissed petitioner’s protest and objections.
“ — XIII—
“For the reasons set forth at length in her written protest and objections the said Boggs is ineligible to participate as a candidate for the office of Governor in the Democratic Primary called for January 15, 1952.”
Resolution attached to the petition.
“Resolution No. 2, by Mr. Gravel substituted for Resolution No. 1 by Mr. Watson:
“Whereas the qualifications of voters and candidates in Primary Elections held by the Democratic Party in this State were set forth in Resolution No. 2 (by Mr. Haggerty) adopted at the meeting of this Committee held on October 2, 1951 and
“Whereas one of the candidates has filed an objection to the eligibility.of one of the other candidates for nomination for the office of Governor in the Democratic Primary Election to be held on January 15, 1952; and
“Whereas as a matter of precedent members of the Congress of the United States of America have heretofore without objection offered themselves as candidates for nomination to State offices in Democratic Primaries held throughout the State of Louisiana; and
“Whereas at the time of the adoption of Resolution No. 2 it was the belief of the Committee that members of Congress were not included in the group of those “who hold office under the United States”; and
“Whereas such conclusions could only be reached from an interpretation of the changes from time to time made in the several Constitutions of the State of Louisiana ; and
“Whereas it is deemed necessary and in the public interest to clarify the meaning and intent of this Committee in adopting said Resolution No. 2 and particularly the said paragraph thereof:
“Now, therefore, be it resolved, that it is hereby declared that no portion of said Resolution No. 2 (by Mr. ITaggerty) adopted at the meeting of this Committee held on October 2, 1951 and particularly the third paragraph thereof was intended to, nor did it, disqualify or make ineligible any candidate for nomination for any office in any Democratic Primary Election because of the fact that such candidate was, is, or may be, either at the time of the filing of his written notification and declaration of candidacy or at the time of such Democratic Primary Election a member of the Congress of the United States or an elected official of the State of Louisiana.
“A true Copy of the Original Resolution adopted by the State Central Committee of the Democratic Party of the State of Louisiana this 19th day of October, 1951
“(Sgd) Jesse L. Webb “Secretary”
*49 Objections to Candidacy of T. Hale Boggs to the Honorable the State Central Committee of the Democratic Party, of the State of Louisiana:
“The undersigned, a candidate for nomination by the Democratic Party for the office of Governor of Louisiana, who filed her application to become a candidate for said office with the Chairman of your Committee on October 2, 1951, objects to the candidacy of T. Hale Boggs for the said nomination for the office of Governor of Louisiana for the following reasons:
“1. Said Boggs filed his written notification and declaration of candidacy on October 2, 1951, at which time, and during the entire period up to 5 p. m. on the tenth day after issuance of the Committee’s Call of October 2, 1951, said Boggs was ineligible to hold or exercise any office of trust or profit under the State because he was and remained, during all of said time, a member of the House of Representatives of the Congress of the United States, and your Committee’s Resolution No. 2, adopted October 2, 1951, required eligibility when a candidate filed his written notification and declaration of candidacy.
“2. At all times from October 2, 1951, until 5 p. m. of the tenth day thereafter, said Boggs 'held office under the United States, whereas, the Constitution of this State provides that no such person shall be eligible to the office of Governor, and your Committee's Resolution No. 2 adopted October 2, 1951, required eligibility when a candidate filed his written notification and declaration of candidacy.
“3. The undersigned is informed, believes and alleges that said Boggs advocated doctrines inimical to the Constitution of the United States in that: (a) He actively participated in a meeting, the object of which was to discourage young men from defending the United States in war; and (b) He publicly and in writing stated that communism should be adopted, if a solution for our national problems.
“4. Said Boggs has been a member of the American Student Union, an organization listed by the Un-American Activities Committee of the Congress of the United States as a communist front organization.
“5. The undersigned is informed, believes and alleges, that said Boggs has never resigned from said American Student Union, and- has never otherwise formally severed his association therewith.
“6. The undersigned is informed, believes and alleges that on October 12, 1949, said Boggs advocated governmental principles inimical to the United States and the State of Louisiana by favoring the formation of a World Government to which part sovereignty of the United States would be of the sovereignty of the United States would be surrendered; and that said Boggs continued to advocate said views after he knew that the institution of such a World Power, with representation therein based on population, would give the control thereof to Russia and would be subversive to the sovereignty of the United States.
“7. The declaration of said Boggs accompanying his written notification of intention to become a candidate for nomination by the Democratic Party for the office of Governor, is not true in stating that he then possessed the qualifications required by your Committee for such candidacy.
“Wherefore, the undersigned prays that your Committee sustain the foregoing objections to the candidacy of T. Hale Boggs for nomination by the Democratic Party for the office of Governor of Louisiana; that yoür Committee declare said Boggs ineligible to participate as such candidate in the Democratic Primary Election called for January 15, 1952; and that your Committee order that the name of said T. Hale Boggs be omitted from the official ballot of the Democratic Party for said Primary.
“(Sgd) Lucille May Grace
“Candidate for Governor of Louisiana”
Her first ground for disqualification of Defendant is alleged in paragraphs 1 and 2 of her objections filed with the Committee, above quoted, which is based on Article 5, Section 3 of the Constitution of Louisiana, for the year 1921, the pertinent part of which provides: “No person shall be eligible to the office of Governor * * who holds office under the United States at the time of the election; * *
*50 We are of the opinion that a member of Congress is not a person holding office under the United States.
There is a recognition of. the distinction between a member of Congress and one who holds office under the United States in the following numbered provisions of the Constitution of Louisiana, in respect to ineligibility to the Office of Governor:
The Constitution of 1812, Article III, Sec. 6 provides: “No member of Congress, or person holding any office under the United States * * * shall be eligible to the office of Governor. * * * ”
The same provision was contained in the following: Const.1845, Art 42; Const.1852, Art 39; Const.1864, Art 46; Const.1868, Art 52.
Article 60 of the Constitution of 1879, which article provided in part: “No person shall be eligible to the office of Governor * * * who shall be a member of Congress, or shall hold office under the United States at the time of, or within six months immediately preceding the election”.
Article 63 of the Constitution of 1898 and 1913 provided that “No person shall be eligible to the office of Governor * * * who shall hold office under the United States at the time of or within six months immediately preceding the election for such office”.
Section 3 of Article V of the Constitution of 1921 provides that: “No person shall be eligible to the office of Governor * * * who holds office under the United States at the time of the election”.
Section 4 of Article XIX of the Constitution of 1921 makes a distinction between .a member of Congress and a person holding or exercising any office of trust or profit '-under the United States. That Section provides: “No member of Congress, nor person holding or exercising any office of trust or profit under the United States, or .any State, or under any foreign power shall be eligible as a member of the Legislature, •or hold or exercise any office of trust or ■profit under the State”.
This provision has been in all constitutions of the State. 1812, Art. VI, Sec. 14; 1845, Art. 102; 1852, Art. 99; 1864, Art. 101; 1879, Art. 153; 1868, Art. 117; 1879, Art. 159; 1898, Art. 164; 1913, Art. 164.
Thus, the distinction between a member of Congress and a person holding or exercising any office under the United' States has been made in every one of the several constitutions of the State of Louisiana.
What is the meaning of an “Office under the United States”?
The term “Office under the United States” was -used in the Articles of Confederation, 2d clause of Article V in the provision that no delegate to the Congress shall “be capable of holding any office under the United States, for which he, or another for his benefit receives any salary, fees or emolument of any kind.”
The term appears in Section 6 of Article 1 of the Constitution of the United States, in the provision that “no person holding any Office under the United States, shall be a Member of either House (of Congress) during his Continuance in Office.”
That is the only provision in the Constitution of the United States where the term “Office under the United States” appears. The provision is found in the second clause of Section 6 of Article 1, the full text of which clause is: “No Senator or Representative shall, during the Time for which he was elected, be appointed to any civil Office under the Authority of the United States, which shall have been created, or the Emoluments whereof shall have been encreased during such time; and no Person holding any Office under the United States, shall be a Member of either House during his Continuance in Office.”
By the context, the term “Office under the United States” it is very clear and evident, simply means “civil office under the authority of the United States.” See Burton v. United States 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057; United States v. Mouat 124 U.S. 303, 307, 8 S.Ct. 505, 31 L.Ed. 463; United States v. Germaine 99 U.S. 508 and 25 L.Ed. 482; Hoeppel v. U.S., 66 App.D.C. 71, 85 F.2d 237.
Plaintiff relies on the case of Lamar v. United States 241 U.S. 103, 36 S.Ct. 535, 60 *51 L.Ed. 912, which we find inapposite to the case at bar. This disposes of plaintiff’s objections found in paragraphs 1 and 2 of the above quoted document. There is no cause of action stated in paragraphs 1 and 2.
The next ground of plaintiff’s complaint and upon which she relies for a cause of action is stated in the remainder of 'her protest as above quoted.
In the statement of the case made by the Supreme Court we note an error therein as follows: “She therefore contended that the declaration accompanying Boggs’ notification of candidacy was untrue as he did not possess the qualifications for candidacy prescribed by resolution of the Committee.” Emphasis ours.
Neither plaintiff’s petition, her protest, nor the resolution of the Democratic State Central Committee, both of which are annexed thereto allege or set forth such grounds as a cause for ineligibility.
We find no provision of the Constitution or Statutes, nor any resolution adopted by the State Central Democratic Committee attached to plaintiff’s petition nor declared upon therein stating that such grounds render one ineligible as a candidate for Governor. Plaintiff does not allege in her petition that such grounds render one ineligible by virtue of any law or resolution passed by any Committee. She does not attach to her petition a copy of such resolution and we cannot take judicial cognizance of the actions of the State Central Democratic Committee without full proof.
There is attached to plaintiff’s petition a resolution of the State Central Democratic Committee quoted above. This resolution however specifically bears out our position that a member of Congress does not hold office under the United States and is eligible to run for the office of Governor. This resolution makes no mention whatsoever as to the ineligibility of a candidate for public office because of the fact that he was or is a member of an organization advocating doctrines inimical to the state and federal Constitutions. We do not think Plaintiff has therefore stated a cause of action.
For the reasons assigned the exception of no cause of action is sustained and the judgment of the district court in sustaining this exception is affirmed and plaintiff’s suit dismissed.