## UNITED STATES *v.* HENDEE.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted December 14, 1887. — Decided January 23, 1888.

A paymaster's clerk in the navy is an officer of the navy within the meaning of the provision in the act of March 3, 1883, 22 Stat. 473, c. 97, respecting the longevity pay of officers and enlisted men in the army or navy

THIS was an appeal from a judgment rendered against the United States in the Court of Claims. The petitioner, in his petition to that court, set forth his claim as follows:

"To the honorable the Judges of the Court of Claims:

"The petition of George E. Hendee respectfully shows to your honors that he is a citizen of the United States and an officer of the navy thereof, to wit, a paymaster, and that his military history is as follows:

"Paymaster's clerk, October 1861, to December, 1862, and from August, 1863, to February, 1864; acting assistant paymaster, 25 March, 1864; passed assistant paymaster, 23 July, 1866; paymaster, 27 February, 1869.

"Your petitioner further says that the lowest grade having graduated pay held by him since last entering the service is, under the act of July 15th, 1870 (Rev. Stat. § 1556), that of paymaster, and that the pay of said grade is as follows:

|  | At sea. | On shore. | On leave. |
|---|---|---|---|
| 1st 5 years after date of commission . . | 2,800 | 2,400 | 2,000 |
| 2d  "  "  "  "  "  "  . . | 3,200 | 2,800 | 2,400 |
| 3d  "  "  "  "  "  "  . . | 3,500 | 3,200 | 2,600 |
| 4th "  "  "  "  "  "  . . | 3,700 | 3,600 | 2,800 |
| After 20 "  "  "  "  "  . . | 4,200 | 4,000 | 3,000 |

"Your petitioner says that he is, under the provisions of the acts of August 5th, 1882, and March 3d, 1883 (22 Stat. 287 and 473), entitled to have credit given him upon his said grade of paymaster for all of his service as above stated, prior to the

date of his commission as a paymaster, to wit: 6 years, 5 months, and 26 days, and that he is entitled to the difference of pay, resulting from such credit, to wit: to the sum of $—, all of which remains due and unpaid, for which amount he asks judgment."

The following were the facts as found by the Court of Claims:

"I. The claimant was, on the 3d of March, 1883, and still is, a paymaster in the navy. Previously thereto he had served in the navy as follows: Paymaster's clerk from October 10, 1861, to November 30, 1862, and from October 30, 1863, to March 5, 1864; acting assistant paymaster, from April 26, 1864, to July 23, 1866; passed assistant paymaster, from July 23, 1866, to February 27, 1869; paymaster, from February 27, 1869.

"II. Under the provisions of the act of March 3, 1883, c. 97, 22 Stat. 472, 473, relating to the credit to officers for length of service, there is due, and unpaid, the claimant the sum of $8178.01, if he be entitled to have credited to him under said act the time he served as paymaster's clerk as aforesaid, and the sum of $6313.77 if he be not entitled to be so credited.

"III. The practice of the Navy Department has not been uniform as to the classification of paymasters' clerks and their designation as officers or otherwise, but in several regulations, orders, and official documents they have been designated as officers. The following are copies of official orders:

" ' [General Order 153.]

" ' NAVY DEPARTMENT,
" ' *April* 18, 1870.

" ' Secretaries to commanders-in-chief, clerks to commanding officers, and clerks to paymasters are officers of the navy, within the meaning of the law, and are therefore entitled, under orders from their appointing officers, to 10 cents per mile for travel performed within the United States. . . . Clerks in the navy pay offices are civil employés, and not entitled to mileage. . , .

" Upon change of the law substituting actual expenses for mileage the following order was issued:

" ' [General Order 193.]

" ' NAVY DEPARTMENT,

" ' *April* 5, 1875.

" ' General Order No. 153, of April 18, 1870, is hereby annulled. When an officer of the navy, who is entitled to a secretary or clerk, appoints him from civil life and desires him to report for duty at any given place, the Department, if it approves thereof, will issue the requisite order on receiving official notice of his appointment and request for such orders.

" ' All officers, including secretaries and clerks, serving on board ships in commission, will receive orders which involve travelling expenses from their commanding officer, senior officers present, commander-in-chief, or from the Department, as the case may be.'

" Paymasters' clerks are charged with the 20 cents per month hospital dues imposed by Revised Statutes, § 4808, and the following is a copy of an official letter on the subject on file in the office of the Fourth Auditor from the Secretary of the Navy:

" NAVY DEPARTMENT,

" *February* 9, 1882.

" SIR : Your letter of the 21st ultimo, inclosing a communication from Passed Assistant Paymaster J. W. Jordan, U. S. Navy, in regard to pay clerks at navy yards and naval stations, has been received.

" In reply you are informed that pay clerks, appointed under authority of §§ 1380, 1387, and 1388, Revised Statutes, and in the manner prescribed by the navy regulations, are entitled to medical attendance, and in cases of necessity, to hospital treatment. Twenty cents per month should be deducted from their pay to be applied to the fund for navy hospitals, as is required by § 4808, Revised Statutes.

" The letter of Passed Assistant Paymaster Jordan, with a

copy of U. S. Navy Regulation Circulars, Nos. 21 and 29, are inclosed.

" Very respectfully,

" WM. H. HUNT,
" *Secretary of the Navy.*

" HON. CHAS. BEARDSLEY,
" *Fourth Auditor.*"

On these findings the Court of Claims gave judgment for the claimant, from which judgment the United States took this appeal.

*Mr. Attorney General, Mr. Assistant Attorney General Howard* and *Mr. F. P. Dewees* for appellant.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

George E. Hendee brought suit in the Court of Claims for compensation as a paymaster in the navy beyond what he had been allowed and paid for his services He recovered a judgment in that court for the sum of $8178.01, of which $6313.77 was not disputed. The disposition of the remainder, of $1864.24, depends upon whether the period of time from October 10, 1861, to November 30, 1862, during which he served as a paymaster's clerk, should be counted for the purpose of increasing his salary under the longevity provisions of the statutes.

This amount the accounting officer refused to allow, upon the ground that a paymaster's clerk is neither an officer nor an enlisted man in the navy, and as a consequence the time of an officer who has been such a clerk is not entitled to be computed under the provisions of the act of March 3, 1883, on that subject. That statute provides as follows:

" And all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service in all respects in

the same manner as if all said service had been continuous and in the regular navy in the lowest grade having graduated pay held by such officer since last entering the service." 22 Stat. 473, c. 97.

In the opinion of the Chief Justice, rendered in the Court of Claims, the single issue raised is the question of law, whether or not a paymaster's clerk is an officer of the navy within the meaning of said act.

We have just decided, in the case of *United States* v. *Mouat, ante,* 303, that a paymaster's clerk is not, in the constitutional sense of the word, an officer of the United States; but we added also that Congress may have used the word "officer" in a less strict sense in some other connections, and in the passage of certain statutes might have intended a more popular signification to be given to that term. And in regard to the act of 1883, we think that its proper construction requires that the officer, when subsequently coming to compute what increase shall be made to his statutory salary by reason of his previous service, has a right to count other service than that rendered in the character of an officer, as defined by the Constitution of the United States. Its language is, that "all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men."

The claimant here is an officer of the navy, and is, therefore, to be credited with the actual time that he served as an officer or enlisted man in the regular or volunteer army or navy, or both. We think the words "officers or enlisted men in the regular or volunteer army or navy, or both," was intended to include all men regularly in service in the army or navy, and that the expression "officers or enlisted men" is not to be construed distributively as requiring that a person should be an enlisted man, or an officer nominated and appointed by the President, or by the head of a Department, but that it was meant to include all men in service, either by enlistment or regular appointment in the army or navy. We are of opinion that the word "officer" is used in that statute in the more general sense which would include a paymaster's clerk; that this was the intention of Congress in its enactment, and that

the collocation of the words means this, especially when it is added that they "shall receive all the benefits of such actual service in all respects and in the same manner as if said service had been continuous and in the regular navy."

In *Ex parte Reed*, 100 U. S. 13, the court said: "The place of paymaster's clerk is an important one in the machinery of the navy. Their appointment must be approved by the commander of the ship. Their acceptance and agreement to submit to the laws and regulations for the government and discipline of the navy must be in writing, and filed in the Department. They must take an oath, and bind themselves to serve until discharged. The discharge must be by the appointing power, and approved in the same manner as the appointment. They are required to wear the uniform of the service; they have a fixed rank; they are upon the pay roll, and are paid accordingly. They may also become entitled to a pension and to bounty land. . . . If these officers are not in the naval service, it may well be asked who are."

In the case of Bogart, who was brought before Judge Sawyer of the Circuit Court on a writ of *habeas corpus*, that judge took the same liberal view in regard to the position of a paymaster's clerk in the navy; holding that as an officer of the navy he was subject to be tried by a court martial, and accordingly remanded him to the custody of that court for trial. In the opinion he says: "Was the petitioner, while a clerk of a paymaster in the navy, on duty in the manner before stated, a person in the naval service of the United States within the meaning of this act? It is contended on his behalf that he was not. But upon this point we entertain no doubt. He was not merely an employé or servant of the paymaster, but on the contrary, as we have seen from the regulations of the navy, set out in the statement of facts, he was an officer of the navy." 2 Sawyer, 396.

In the opinion of Chief Justice Richardson, delivered in the Court of Claims in the case now under review, the same view was ably argued, and while we do not concede that a paymaster's clerk is, for all purposes and in the general sense of that term, an officer of the navy, we believe that within the mean-

ing· of the statute now under consideration, providing for increase of pay to officers of the navy according to length of service, that it was the purpose of the framers of that act to include service rendered as a paymaster's clerk in the navy.

*The judgment of the Court of Claims is therefore affirmed.*