Atkinson, J.,
delivered the opinion of the court:
The single question involved in this suit is whether service as a clerk and messenger in the Quartermaster’s and Subsistence departments of the army is such service as to entitle one to longevity pay under the act of February 24, 1881 (21 Stat. L., 346), which is in the following language: “And the actual time of service in the army or navy, or both, shall be allowed all officers in computing their pay.”
Claimant’s decedent, Francis M. Schreiner, served as a clerk in the commissary department of the United States Army from July 19, 1863, to September 30, 1869, and from April 1,1870, to August 5, 1882, as a messenger and clerk in the Quartermaster’s Department. His terms of service in both of these departments covered a period of eighteen years six months and sixteen days.
He was appointed captain and assistant quartermaster of volunteers May 12, 1898, and accepted May 25, 1898; was appointed major and quartermaster July 14,1898 (under act of July 7,1898), and served as such until November 25,1898. November 26, 1898, he was appointed major, quartermaster of volunteers, accepted December 5, 1898, and was honorably discharged May 1, 1901. On February 2, 1901, he was appointed captain and quartermaster in the Eegular Army, and accepted April 8, 1901. He was retired from active service April 25, 1903, and never served outside the limits of the United States.
Claimant also relies upon the act of March 3, 1883 (22 'Stat. L., 473), which provides that:
“All officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the Eegular or Volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the Eegular Navy in the lowest grade, having graduated pay held by such officer since last entering the service.”
*483 In construing the above statute the Supreme Court in the case of the United States v. Hendee (124 U. S. R., 309) decided that service as a paymaster’s clerk should be taken into consideration in computing longevity pay of officers of the navy, for the reasons that such position is one of importance; that an appointment to such office must be approved by the commander of the ship; that the one holding it must take an oath to serve until he is regularly discharged; that he must submit to navy discipline; that he has a fixed rank; that he must wear a uniform; that he is borne upon the pay roll and is paid accordingly; and that he is subject to trial by court-martial, etc.
Section 1190 of the Revised Statutes provides for the appointment of paymaster’s clerks from noncommissioned officers or privates of the army, and if such can not be procured then citizens may be employed at a salary of $1,200 a year, by and with the approbation of the Secretary of War. And the act of May 26, 1900 (31 Stat. L., 209) provides for the pay of army paymasters on a longevity basis. The pay status of such officers, therefore, is the same as regular army or naval officials in either branch of the military establishment. But we have failed to find any statute or decision of any court which places a civil service clerk in the Quartermaster’s or Subsistence department on a parity with paymaster’s clerk, in the army and navy. It can not be justly claimed that every one who has employment under the Government in immediate connection with the army belongs to or is serving in the army. Such persons are mere civilians and are in no sense a part of the army any more than any other class of clerks in the classified service of the Government.
We are, therefore, of the opinion, and so decide, that the status of claimant’s decedent while serving as messenger and clerk in the Quartermaster’s and Subsistence departments of the United States was that of a civilian not in the service of the army within the meaning of the act of February 24,1881, and the petition accordingly is dismissed.