BarNev, Judge,
delivered the opinion of the court:
The claimant prior to December 5, 1909, was a paymaster’s clerk in the United States Navy, serving under Paymaster Insley on board the U. S. S. Wisconsin. On said date he received an order from the Navy Department informing him of the detachment of Paymaster Insley from duty as pay officer of the Wisconsin and directing him to proceed with said Paymaster Insley to Washington, D. C., assist him in the settlement of his accounts, and upon the expiration of the period allowed for that purpose to proceed to his home and upon his arrival there to regard his appointment as paymaster’s clerk revoked.
Pursuant to this order the claimant was detached from the Wisconsin December 5, 1909, reported to Paymaster Insley at Washington the next day and remained there *297 twisting- bim in the settlement of his accounts until December 25, 1909, when he departed for his home at Fruitvale, Cal., where he arrived December 31, 1909. Claimant was first paid mileage for said trip home in the sum of $244.72, being at the rate of 8 cents per mile. This sum was subsequently checked against his account, and he was only allowed $97.79 as reimbursement for actual traveling expenses on said journey. This suit is brought to recover the difference between said sums, or $144.93.
It will thus be seen that the only issue in this case is one of law, as to which method of computing travel pay should be applied to the claimant.
Claimant’s claim for a mileage rate of pay is based upon the following proviso attached to a paragraph of the Navy appropriation act of March 3, 1901, 31 Stat. L., 1029.
“Provided, That in lieu of traveling expenses and all allowances whatsoever connected therewith, including transportation of baggage, officers of the Navy traveling from point to point within the United States under orders shall hereafter receive mileage at the rate of 8 cents per mile, distance to be computed by the shortest usually traveled route; * *
The question for consideration therefore is whether the claimant at the time he performed this travel was an “ officer of the Navy ” within the meaning of this proviso.
In Ex parte Reed, 100 U. S., 13, it was held that a paymaster’s clerk is in the Navy and subject to trial by court-martial. In the opinion in that case, after reciting the duties, manner of qualification, etc., of paymasters’ clerks, it says: “If these officers are not in the naval service, it may well be asked who are.”
In United States v. Mouat, 124 U. S., 303, it was held that a paymaster’s clerk was not an officer of the Navy within the meaning of the act of June 30, 1876, 19 Stat. L., 65, so as to be entitled to the benefit of the mileage allowed by that act. The persons entitled to mileage by the terms of that act were described as “ officers of the Navy.” In the opinion in that case the question as to what is necessary to constitute a person an officer of the United States was discussed, and the requisites given in United States v. Germaine, 99 U. S., 508, were restated and approved. Such *298 requisites are: They must be appointed (1) by the President, by and with the consent of the Senate, or (2) by a court of law, or (3) by the heads of the departments; and the heads of the departments are what are now called members of the Cabinet.
In United States v. Hendee, 124 U. S., 309, it was held that a paymaster’s clerk is an officer of the Navy within the meaning of the provisions of the act of March 3, 1883, 22 Stat. L., 473, respecting the longevity pay of officers and enlisted men in the Army and Navy.
It is hardly necessary to say that if the law relating to the appointment and pay of paymasters’ clerks was the same at the time involved in this case as it was at the time involved in the Mouat case, supra, the claimant would not be entitled to recover.
Paragraph 1 of article 1619 of the Navy Regulations for 1909 is as follows:
“ Clerks to pay officers of ships and principal clerks to pay officers at shore stations, except in general storekeepers’ offices, will be appointed by the Secretary of the Navy upon the nomination of pay officers.”
In the edition of the Navy Regulations for 1905 the foregoing was paragraph 1, article 1751.
It is not denied by the defendants that the claimant was appointed by the Secretary of the Navy in accordance with the above regulation. The authority of the executive department of the Government to make these regulations and that when so made they have the force of law will not be denied. R. S., secs. 161, 1547; United States v. Elisson, 16 Pet., 291; United States v. Runkle, 122 U. S., 543; Gratiot v. United States, 4 How., 80.
That a Navy regulation providing for the appointment of paymasters’ clerks by the Secretary of the Navy would constitute them “ officers of the Navy ” within the meaning of the act of March 3, 1901, is distinctly recognized by the following language in the opinion in the Mouat case, supra:
“It is obvious from the language of section 1378 that the Pay Corps is limited to officers commissioned by the President, and that clerks and others who are not so commissioned do not belong to the Pay Corps. The Naval Regulations of 1876, a copy of which is found in the brief of the appellant, *299 as far as relates to this matter, provide very fully for these clerks and the manner of their appointment, but nowhere is there any mention that it must be approved by the Secretary of the Navy; on the contrary, it is said that4every officer entitled to a secretary or clerk may nominate him; but the appointment or discharge of a clerk by any officer not in command is subject to the approval of the commanding officer.5
44 From all this it is clear that neither by the regulations, nor by the statutes, nor by any constitutional provision is the present claimant an officer of the Navy.”
The question at issue in this case was presented to the Attorney General, 27 Ops. Atty. Gen., 157, and in answer to a request by the Secretary of the Navy for an opinion whether a paymaster’s clerk is an 44 officer of the Navy ” within the laws relating to retirement, after quoting from the opinions in the Mouat and Hendee cases, the Attorney General gave it as his opinion that under the provisions of article 1751 of the Navy Regulations paymasters’ clerks were qfficers of the Navy in the constitutional sense.
This court agrees with the opinion of the Attorney General that paymasters’ clerks are now officers of the Navy in the constitutional sense so as to entitle them to the mileage allowed in the act of March 3, 1901, supra.
It is also contended by the claimant that he is entitled to mileage in this suit, even if he is not an44 officer of the Navy ” in the constitutional sense. The reason given for this contention is that since the decision in the Mouat case, not only has the manner of their appointment been changed but also the statutes governing their compensation. At the time of that decision their pay was, according to Revised Statutes, section 1556, wherein it simply provided for pay to 44 clerks to paymasters.” At the time the claim in this case accrued the act of May 13, 1908, 35 Stat. L., 128, was in force wherein it is provided that44 * * * all paymasters’ clerks shall, while on duty, receive the same pay and allowances as warrant officers of like length of service in the Navy.” It is argued that warrant officers in the Navy are appointed by the president and hence are “officers of the Navy” within the meaning of the act of March 3, 1901, and entitled to mileage under that act.
*300 It is not deemed necessary either to discuss or decide the question raised by this contention, as the question already decided disposes of the case. It follows from the foregoing that the claimant is entitled to a judgment in the sum of $144.93, and it is so ordered.