Basnet, Judge,
delivered the opinion of the court:
This case now comes before this court upon a motion for a new trial by the claimant, the petition having been originally dismissed without an opinion. The claimant is a paymaster’s clerk in the Navy, and this claim is for mileage in lieu of actual expenses for travel performed under proper orders.
The act of March 3, 1901, 31 Stat., 1029, provides that “ officers of the Navy traveling from point to point within the United States under orders shall receive mileage at the rate of 8 cents per mile.” Hence the only question in this case is whether a paymaster’s clerk at the time of the travel in question was an officer of the Navy within the meaning of the statute above quoted. If he was, he is entitled to judgment ; if he was not, the petition was properly dismissed.
The claimant relies upon the decision of this court in the case of Katzer v. United States, 49 C. Cls., 294, for a judg *68 ment in this suit, for this court in that case held a paymaster’s clerk was such officer of the Navy and entitled to mileage instead of expenses of travel. An examination of the facts in that case will show that the claimant was entitled to mileage under another statute.
In the Katzer case the court’s attention was directed to the two cases of United States v. Mount, 124 U. S., 303, and United States v. Hendee, 124 U. S., 309, both opinions being handed down on the same day, and the effect of the holdings in those cases was that one may be an officer of the Navy for the purpose of receiving one rate of pay but not for another. Without giving due consideration to section 2, article 2 of the Constitution, as construed by the Supreme Court in United States v. Germaine, 99 U. S., 508, the opinion in the Katzer case laid emphasis upon the statement which was made in the opinion in the Mouat case as follows: “From all this it is clear that neither by the regulations, nor by the statutes, nor by any constitutional provision is the present claimant an officer of the Navy” (italics ours), and we treated this statement as equivalent to the assertion that if Mouat’s appointment had been authorized by the regulations the result in his case would have been different. In other words, the language quoted from the Supreme Court’s opinion was given a construction which probably was not intended when considered in connection with the plain language of said article of the Constitution. Whatever may be the force of a regulation of a department it is certainly not a law of Congress, and taking the language of the Constitution into consideration it seems hardly necessary to say that until Congress sees fit to grant authority to the heads of departments they can not confer it upon themselves by mere regulations. It appears that Congress has since assumed that legislative action in the premises was necessary, because by the act of March 3, 1915, 38 Stats, 928, 942, they have changed the title of these officers to that of “ pay clerks ” and vested their appointment in the Secretary of the Navy.
As above suggested, the result reached in the Katzer case would have been the same under another statute, which does not apply to the case of the claimant here; and as we are now *69 unwilling to follow the reasoning in the Katzer case further it results that the claimants’ motion for a new trial must be and the same is hereby overruled.
All concur.