*233 MEMORANDUM BY THJ5. COURT
The act of December 17, 1919, 41 Stat. 367, provides for the payment of a gratuity to the widow, or children or other dependent “ of any officer or enlisted man on the active list of the Regular Army, or on the retired list when on active duty,” the authorized payment to be made by the Quartermaster General of the Army immediately upon official notification of the death from wounds or disease, not the result of his own misconduct, of such officer or enlisted men. Section 2 of the act, with the evident purpose of limiting and defining the application of the first section, declares that the act shall not be “ applicable to officers or enlisted men of any forces or troops of the Army of. the United States, other than those of the Regular Army,” nor in the commissioned grades to any officers “ except those holding permanent or provisional appointments in the Regular Army.” The act in terms distinguishes between the Army of the United States and the Regular Army. In that regard it is dis *234 tinctly different from the statute construed in Hendee's case, 124 U. S. 309, which provides that officers in the Navy should be credited with the actual time they served as officers or enlisted men in the Regular or Volunteer Army or Navy, or both. The act in question limits its benefits to the widow or dependents of officers or enlisted men in the Regular Army. A field clerk, Quartermaster’s Corps, designated as such under the act of August 29, 1916, 39 Stat. 625, and who took the oath of office December 30, 1916, was not an officer or enlisted man in the Regular Army, and consequently his widow is not entitled, to the gratuity provided by the act of December 17, 1919, supra. See also act of June 4, 1920, 41 Stat. 761, sec. 4a.
The petition is dismissed.