Downey, Judge,
delivered the opinion of the court:
The plaintiff, a lieutenant commander (Medical Corps) in the Navy, seeks a readjustment of his accounts and a judgment for the amount due him on such readjustment on the basis of the inclusion for longevity purposes of service for ten months and ten days as an interne in the Public Health Service, then called the Public Health and Marine Hospital Service, under the act of May 18, 1920 (41 Stat. 604), providing “ That hereafter longevity pay for officers in the Army, Navy, Marine Corps, Coast Guard, Public Health Service, and Coast and Geodetic Survey shall be based on the total of all service in any or all of said services.”
This statute has been interpreted for us by the Supreme Court in the Noce case (268 U. S. 613) and needs no further discussion. The result sought in this action is clearly within the defined purpose of the act.
While there is no question made as to the plaintiff having served as an interne in the Public Health Service during the period in question, it is contended that such service was not “service for longevity pay purposes as provided in the act of May 18,1920.’’ This was the conclusion reached by the Comptroller General (4 Comp. Gen. 12) after an able discussion of the question, but while we recognize the force of the argument we are not able to see that it justifies the distinction drawn. We find no words of limitation in the statute itself, its language is plain and unambiguous, it provides for the inclusion of “ all service in any or all of said services,” one of which is the Public Health Service, and we see no proper opportunity for resort to any rules of construction which would serve to import a different meaning than that plainly expressed.
We have concluded that the plaintiff is entitled to have his service in the Public Health Service included for longevity purposes in computing his pay and have directed judg *613 ment for the amount shown by the official report to be clue him on that basis up to the date thereof.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Qlvief Justice, concur.