· **UNITED STATES v. LEEB et al.**

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 337.

Internal revenue ☞12—Floor tax on distilled spirits on which "internal revenue tax" was paid held applicable to imported as well as domestic spirits (Revenue Act 1917, § 300 [Comp. St. § 5986a]; Revenue Act 1918, § 604 [Comp. St. § 5986j]).

Floor tax imposed by Revenue Act 1918, § 604 (Comp. St. § 5986j), on distilled spirits held for sale for beverage purposes on which internal revenue tax has been paid *held* applicable to imported liquors, as well as domestic spirits which had paid withdrawal tax levied by Revenue Act 1917, § 300 (Comp. St. § 5986a), since tax paid on such imported liquor pursuant thereto constituted "internal revenue tax," within meaning of section 604 of the 1918 Act.

In Error to the District Court of the United States for the Southern District of New York.

Suit by Alfred Leeb and another, copartners doing business under the firm name and style of Batjer & Co., against the United States, to recover taxes paid under protest and claimed to have been illegally assessed and collected. Judgment for plaintiffs (16 F.[2d] 937), and the United States brings error, to review the judgment only in so far as it related to the first cause of action. Reversed and rendered.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford and Abbot Low Moffat, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Benjamin A. Levett, of New York City (William E. Russell, of New York City, of counsel), for defendants in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge. The complaint set forth two causes of action for the recovery of different sums collected by the United States as taxes upon distilled spirits. Plaintiffs had judgment upon both counts, after denial of the defendant's motion to dismiss the complaint, upon the ground that it failed to set forth facts sufficient to constitute a cause of action. Liability on the cause of action set forth in the second count is admitted by the United States. The writ of error seeks to review the judgment only in so far as it relates to the first cause of action. Therefore this opinion and the facts stated therein relate solely to this cause of action.

The tax in question is the "floor tax" imposed by section 604 of the Revenue Act of 1918 (40 Stat. 1057, 1107; Comp. St. § 5986j) upon distilled spirits held for sale for beverage purposes, "upon which the internal revenue tax now imposed by law has been paid." The plaintiffs contended that their spirits were not subject to this floor tax because they had not paid, and were not by law required to pay, an internal revenue tax. The United States contended that such a tax had been paid, as shown by facts now to be stated, and that therefore section 604 was applicable.

Plaintiffs' spirits were imported through the port of New York, and were deposited in a United States bonded warehouse under customs custody. Upon withdrawal of the spirits prior to February 24, 1919, the date of passage of the Revenue Act of 1918, plaintiffs paid to the collector of customs at the port of New York duty of $2.60 per proof gallon, pursuant to Schedule H, par. 237, of the Tariff Act of 1913 (38 Stat. 114, 135; Comp. St. § 5291), and also a tax of $2.10 per proof gallon, pursuant to section 300 of the War Revenue Act of 1917 (40 Stat. 300, 308; Comp. St. § 5986a).

The District Court (Leeb v. U. S., 16 F. [2d] 937) held that the tax of $2.10 per proof gallon paid under said section 300 was a duty tax, not an internal revenue tax, and that therefore the floor tax under said section 604 was erroneously collected, and should be recovered by the plaintiffs.

The plaintiffs' argument and the decision

of the District Court rest upon the inaptness of the phrase "internal revenue taxes" to embrace the tax levied under section 300 of the War Revenue Act of 1917 upon imported distilled spirits in bond. It may well be that for some purposes, and within the purview of certain statutes, such a tax should be deemed a duty. But legislative intent may be defeated by an invariable definition, and, as has frequently been held, the same word may be used with different meanings in different statutes. Compare United States v. Mouat, 124 U. S. 303, 8 S. Ct. 505, 3 L. Ed. 463, and United States v. Hendee, 124 U. S. 309, 8 S. Ct. 507, 31 L. Ed. 465. We have to do only with the meaning of the words "internal revenue taxes," as used in the Revenue Act of 1918, and particularly in section 604 thereof. This requires a close scrutiny of the language and purpose of certain sections both of the 1918 and 1917 acts.

Section 300 of the Revenue Act of 1917 levied a tax upon all distilled spirits in bond, whether of domestic or imported origin, payable upon withdrawal from bond. The imposition so laid is by its terms called "a tax," and is applied alike to domestic and to imported spirits. It is declared to be "in addition to the tax now imposed by law." Section 600 (a) of the Revenue Act of 1918 (Comp. St. § 5986e) is the corresponding section of that statute. It increases the rate of taxation, and it expressly states that it is "in lieu of the internal revenue taxes now imposed thereon by law." No one suggests that the tax laid upon imported spirits in bond by this section is additional to the tax levied by section 300 of the 1917 act. In other words, it is conceded that the phrase "in lieu of the internal revenue taxes now imposed thereon by law" repeals the tax levied by said section 300 upon bonded spirits whether domestic or imported. If the words "internal revenue taxes" in section 600 (a) comprehend the tax laid under section 300 upon imported spirits in bond, the same words in section 604 should naturally receive the same meaning. There is nothing to indicate a different meaning for them. Nor is it unnatural to refer to the tax levied under section 300 as "an internal revenue tax." It was laid upon bonded distilled spirits of domestic as well as of imported origin. As applied to the former, the designation "internal revenue taxes" was absolutely accurate. As applied to imported spirits, the term is not so perfectly apt; but it is adequate to indicate the intent of Congress to group together the tax upon domestic and the tax upon imported spirits in bond imposed by the same section of the 1917 act. Had the tax under

section 300, as applied to imported spirits in bond, been called a duty tax, rather than an internal revenue tax, confusion might have arisen as to whether the duty of $2.60 per proof gallon imposed by the Tariff Act of 1913 was not repealed.

The same use of the phrase appears again in section 611 of the 1918 act (Comp. St. § 6110g), which imposes a tax on still wines "in lieu of the internal revenue taxes now imposed thereon by law." This was in substitution for the tax imposed by section 309 of the Revenue Act of 1917 (Comp. St. § 6110c). That tax applied to imported as well as to domestic wines removed from custom house or bonded premises for sale or consumption. The phrase "internal revenue taxes" in section 611 must have been intended to cover the taxes theretofore imposed upon imported wines while on such premises. It is immaterial that the tax as applied to imported spirits in bond was collected by the collector of customs rather than the collector of internal revenue. Congress may not unnaturally refer to it as an internal revenue tax, when grouping it with the tax imposed by the same section on domestic spirits. Moreover, in the second paragraph of section 300 a tax is laid upon imported perfumes containing distilled spirits, and it is provided that such tax shall be collected by the collector of customs and deposited as internal revenue collections. This tax, though collected by the collector of customs, is referred to in section 600 (c) of the 1918 act (Comp. St. § 5986i) by the phrase "in lieu of the internal revenue tax now imposed thereon by law."

We conclude that the statutory language indicates an intent by Congress to include within the phrase "internal revenue taxes," in section 604 of the 1918 act, the tax imposed by section 300 of the 1917 act upon distilled spirits in bond, whether of domestic or imported origin.

A consideration of the purpose of the legislation leads to the same result. The War Revenue Act of 1917, by section 303 (Comp. St. § 5986b), imposed a floor tax upon distilled spirits which had been withdrawn from bond before its passage. The rate of the floor tax was the same as that of the withdrawal tax imposed by section 300. The two sections were mutually exclusive. Distilled spirits thereafter withdrawn from bond were to pay the withdrawal tax; those theretofore withdrawn were to pay the floor tax. The purpose of the floor tax, in addition to the paramount object of raising revenue, was evidently to equalize the burden of taxation, and make distilled spirits already withdrawn bear the same

increased taxation as was placed upon spirits thereafter to be withdrawn. The same purpose is apparent in the similar correlation of sections 600 and 604 of the 1918 act. To exempt imported spirits already withdrawn, because the withdrawal tax they had paid was referred to as an internal revenue tax, instead of a duty tax, would defeat this purpose.

Furthermore, for many years Congress had maintained a system of taxation upon domestic and imported distilled spirits, which granted a differential preference of $1.50 per gallon to spirits of domestic origin. If the construction of section 604 for which the plaintiffs contend were adopted, it would result in a discrimination of $1.70 per gallon in favor of imported spirits. We should hesitate to impute to Congress, unless clearly expressed, an intention to reverse its long-established policy in favor of domestic spirits at the very time when every source of revenue was being sought. See Santoni & Co. v. Rafferty, 10 F.(2d) 788 (C. C. A. 2). No such intent is evident in the Revenue Act of 1918. On the contrary, we regard the act as clearly expressing an intent that the floor tax imposed by section 604 should be levied upon imported as well as domestic spirits which had paid the withdrawal tax levied by section 300 of the the 1917 act (Comp. St. § 5986a).

The judgment upon the first cause of action set forth in the complaint is reversed, and the complaint as to this count is dismissed, with costs to the plaintiff in error.