Whaley, Judge,
delivered the opinion:
The plaintiff was appointed by the Secretary of the Navy as clerk to the commandant of the United States naval station, at Tutuila, Samoa, on August 6, 1914, and served con-tinuouslyin that position until May 23,1921, when his resignation became effective. On August 1, 1924, he was appointed as pay clerk (warrant officer) in the United States Coast Guard, and is still in the service.
The plaintiff contends that his service as commandant clerk at Tutuila, covering a period of more than six years, should be counted in computing his pay as warrant officer in the Coast Guard, and upon his appointment as warrant officer in the Coast Guard he became entitled to the monthly base pay prescribed for a warrant officer during the second six years of service, instead of that of the first six years. Plaintiff is seeking a readjustment of his accounts and a judgment for the amount due him on such readjustment, on the basis of the inclusion for longevity purposes of service for six years, nine months, and fourteen days, as a clerk to *188 tbe commandant of a naval station, under the act of May 18,. 1920, 41 Stat. 604, which provides in section 11:
“ * * * That hereafter longevity pay for officers in the Anny, Navy, Marine Corps, Coast Guard, Public Health Service, and Coast and Geodetic Survey shall be based on the total of all service in any or all of said services,”
and the act of Congress of June 10, 1922, 42 Stat. 630, which in sec. 10 provides:
“That on and after July 1, 1922, the monthly base pay of warrant officers of the Navy and the Coast Guard shall be as follows: During the first six years of service — at sea, $153;. on shore, $135; during the second six years of service — at sea, $168; on shore, $147; * *
The question involved is, Is the plaintiff entitled to count his services as clerk to the commandant of a naval station in computing his pay as a warrant officer in the Coast Guard? The defendant contends that only military service, as distinguished from civilian service, can be counted as service in the Army and the Navy for longevity pay purposes.
Under section 1556 of the Revised Statutes, Title XV — The Navy, chap. 8, Pay, emoluments, and allowances, which provides for the pay of officers and enlisted men of the Navy, the pay for clerks to commandants of naval stations is specifically provided for along with other officers of the Navy. The plaintiff was appointed by the Secretary of the Navy. He was required to sign the oath and he was assigned to his position at the naval station under the commandant of the naval station, which was situated on an island under the control and discipline of the Navy with a naval officer in charge. He may have been required to perform clerical services, but they were clerical services in a naval establishment for military purposes. He was a part and parcel of the naval establishment on the island of Samoa.
It is contended by the defendant that the act of March 3, 1909, 35 Stat. 753, making appropriation for the naval service for the fiscal year ending June 30, 1910, under the heading “Pay, miscellaneous,” in effect abolished the statutory position of clerk to commandants of naval stations. We can find nothing in this act to justify such a conclusion. The act simply permits the Secretary of the Navy to appoint as *189 many clerks to the commandants of the naval stations as in his judgment are necessary, and to fix their pay. The only thing it does, in fact, is to leave to the discretion of the Secretary of the Navy the salary clerks to commandants at naval stations shall receive, instead of having the pay fixed as in previous acts. N othing in the act j ustifies the contention that the positions of clerks to commandants were abolished. In fact, this act distinctly states—
“that * * * so much of section fifteen hundred and fifty-six of the Revised Statutes as relates to pay of clerks to commandants of navy yards and naval stations, are hereby repealed. * * (Italics ours.)
We find that the Comptroller of the Treasury in April, 1919, in a decision, held that a clerk to the governor of a naval home is comprehended in the class of clerks to commandants of naval stations and is entitled to include his services in the naval home for longevity pay purposes. 25 Comp. Dec. 745. It was then held that clerks to commandants of naval stations were included under the provisions of the act. We can find nothing in the act designating clerks to commandants of naval stations as civilian employees.
In the case of the United States v. Hendee, 124 U. S. 309, the question involved was whether the paymaster clerk was an officer of the Navy within the meaning of the act of March 3, 1883, entitled “An act making appropriations for the naval service for the year ending June thirtieth, eighteen hundred and eighty-four, and for other purposes,” 22 Stat. 473, which provided:
“* * * ^n(j ap officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all of said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service: * *
In construing this provision of the act, the court in its opinion delivered by Mr. Justice Miller said:
“* * * yye think the words 'officers or enlisted men in the regular or volunteer Army or Navy, or both,’ was [sic] intended to include all men regularly in service in the Army or Navy, and that the expression 'officers or enlisted *190 men’ is not to be construed, distributively as requiring that a person should be an enlisted man or an officer nominated and appointed by the President, or by the head of a department, but that it was meant to include all men in the service, either by enlistment or regular appointment, in the Army or Navy. We are of opinion that the word ‘officer’ is used in that statute in the more general sense which would include a paymaster’s clerk; that this was the intention of Congress in its enactment, and that the collocation of the words means this, especially when it is added that they 'shall receive all the benefits of such actual service in all respects and in the same manner as if said service had been continuous and in the regular Navy. ’ ’ ’ (Itakes ours.)
In concluding it was held:
“* * * and while we do not concede that a paymaster’s clerk is, for all purposes and in the general sense of that term an officer of the Navy, we believe that within the meaning of the statute now under consideration, providing for increase of pay to officers of the Navy according to length of service, that it was the purpose of the framers of that act to include service rendered as a paymaster’s clerk in the Navy.” (Italics ours.)
The Supreme Court in the case of United States v. Noce, 268 U. S. 613, has construed section 11 of the act of May 18, 1920, as including “all service in any or all of said services”; these words would certainly include the clerk to the commandant of a naval station whose pay was provided for in section 1556 of the Revised Statutes, before that of a paymaster’s clerk, and in the Hendee case, supra, the paymaster’s clerk was held by the court to be within the statutory provisions.
This court has recently held that an officer of the Navy was entitled to include his services as an interne in the Public Health Service, in computing longevity pay. Woods v. United States, 62 C. Cls. 610. In this case an officer of the Navy sought to count for pay purposes his service as an interne in the Public Health Service under an appointment of the Acting Secretary of the Treasury. He later took the examination for the Navy, and in October, 1905, was appointed assistant surgeon, and served in the Navy thereafter. In 1923 he applied for a readjustment of his pay upon the basis of counting his service as interne in computing his Navy pay. The Comptoller General denied this request on the ground that the statute of May 18, 1920, only authorized the count *191 ing of military service, and ruled that bis service as interne could not be counted. However, in bolding to tbe contrary, this court said, in its opinion:
“ This statute bas been interpreted for us by tbe Supreme Court in the Noce case (268 U. S. 613) and needs no further discussion. Tbe result sought in this action is clearly within the defined purpose of the act.
“ While there is no question made as to the plaintiff having served as an interne in the Public Health Service, during the period in question, it is contended that such service was not ‘service for longevity pay purposes as provided in the act of May 18, 1920.’ This was the conclusion reached by the Comptroller General (4 Comp. Gen. 72) after an able discussion of the question, but while we recognize the force, of the argument we are not able to see that it justifies the distinction drawn. We find no words of limitation in the statute itself, its language is plain and unambiguous, it provides for the inclusion of ‘all service in any or all of said services,’ one of which is the Public Health Service, and we see no proper opportunity for resort to any rules of construction which would serve to import a different meaning than that plainly expressed.”
We have concluded that the plaintiff is entitled to have his service as clerk to the commandant at the naval station included for longevity purposes in computing his pay, and have directed that judgment for the plaintiff be entered upon receipt of an official report from the General Accounting Office of the amount due him, in accordance with this opinion.
It is so ordered.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.