## WM. SPENCER & SON CORPORATION v. LOWE et al.

### No. 106.

Circuit Court of Appeals, Second Circuit.

Dec. 26, 1945.

Charles Landesman, of New York City, for appellant.

Abraham M. Fisch, of New York City, for claimant-appellee.

John F. X. McGohey, U. S. Atty., of New York City (Thomas G. Donlan, Asst. U. S. Atty., Ward E. Boote, Chief Counsel, and Herbert P. Miller, Asst. Chief Counsel, U. S. Employees' Compensation Commission, all of New York City, of counsel), for Deputy-Commissioner-appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents the question whether the district court was right in affirming the deputy commissioner's decision that the claimant, a lighter captain, was not excluded from the coverage of the Act by section 3(a) (1), 33 U.S.C.A. § 903(a) (1), as "a master or member of a crew of any vessel." So far as the commissioner's decision turns on questions of fact, his finding with respect to coverage, if supported by the evidence, is conclusive on the courts. South Chicago Coal & Dock Co. v. Bas-

sett, 309 U.S. 251, 258, 60 S.Ct. 544, 548, 84 L.Ed. 448; see National Labor Relations Board v. Hearst Publications, 322 U. S. 111, 131, 64 S.Ct. 851, 861, 88 L.Ed. 1170.

■■ The claimant is a lighter captain by occupation ind, on June 6, 1944, the date of his injuries, he was in the employ of the plaintiff as captain of its lighter "Boonton" which was afloat in the East River. The plaintiff's business is the lighterage of freight in and about New York Harbor by means of barges, lighters and gasoline hoisters, which are without power of self-propulsion and must be towed from place to place. The lighter "Boonton", described also as a gasoline hoister, is a vessel of the barge type, 120 feet in length and 36½ feet in width, with a freight capacity of about 475 tons. It has a cabin 12 feet by 6, a mast and boom, and a gasoline engine used to load and unload drafts of freight and to pump water from the hold. The claimant was employed at a daily wage for an eight hour day and at an hourly wage for overtime; he had no experience as a seaman and no master's or seaman's papers; was not furnished meals or quarters by his employer, and lived on shore, except on occasions when required to work overtime. His duties consisted of "operating the engine to raise and lower drafts of freight, * * * procuring bills of lading * * * checking each piece of freight as loaded and discharged, directing the stowing of the freight in order that it would be so placed as to facilitate its removal and to insure the vessel riding on even keel, pumping out water from the hold, making minor repairs, throwing lines to the dock when tying up and affixing them to the lighter when casting off from the dock; tightening and loosening the lines from the lighter to the dock as occasion demanded, and watching the cargo when required overnight, for which extra duty" he was paid overtime wages. At the time of his accident he was painting the cabin of the vessel and fell to the floor from the coal-box on which he was standing. The deputy commissioner found the facts as stated above and they are amply supported by the testimony of the claimant, who was the only witness. The appellant's objection is not to the foregoing findings but to the commissioner's conclusion therefrom, namely "that the principal duties of the claimant were similar to those performed by longshoremen, checkers and talleymen in connection with the loading and discharging of cargo * * * and were not principally in connection with the navigation of the vessel * * * and that he was not a master or member of the crew of the lighter 'Boonton'" within the meaning of section 3(a) (1) of the Act. The contention is that Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931, requires the opposite conclusion. We think not. There the bargee was employed by the month and provided with quarters on board; "he had no duties in connection with the handling of cargo and no shore duties" (321 U.S. at page 568, 64 S.Ct. at page 749, 88 L.Ed. 931); his duties in connection with navigation were more than pumping out and handling lines; they included responding to whistles from the tugs and putting out navigational lights and signals (321 U.S. at page 567, 64 S.Ct. at page 749, 88 L.Ed. 931). In the case at bar the claimant's primary duties had to do with the cargo and were such as longshoremen customarily perform. That he had the additional tasks of pumping the hold, handling the lines when docking or casting off, and making minor repairs, such as painting the cabin, is not enough to take him out of the class of harbor workers for whom the Act was intended to provide compensation. We agree with the deputy commissioner and the district judge that the controlling authority is the Bassett case, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.

This result is not in conflict with recent decisions of this court. In United States Lighterage Corporation v. Hoey, 2 Cir., 142 F.2d 484, we held that a bargee was a seaman within the meaning of the statute relating to social security taxes. His duties, it is true, were very similar to, if not identical with, those of the claimant in the case at bar but the court was there construing a different statute and the opinion relied upon an administrative regulation which was thought to accord with the court's decision. In Anderson v. Manhattan Lighterage Corporation, 2 Cir., 148 F.2d 971, which related to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., employees having duties like those of the claimant here, were held not to be seamen. There also we relied upon the administrator's classification. As Chief Judge Hughes noted in the Bassett case, 309 U.S. at page 259, 60 S.Ct. at page 548, 84 L.Ed. 732, in construing the Longshoremen's and Harbor Workers' Compensation Act little

aid is to be found in considering the use of the term "crew" in other statutes having other purposes. Legislative intent may be defeated by giving an invariable definition to the same word in different statutes. Compare United States v. Mouat, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463, with United States v. Hendee, 124 U.S. 309, 8 S.Ct. 507, 31 L.Ed. 465 (the former holding that a paymaster's clerk was not an officer of the navy within the meaning of one statute and the latter holding he was an officer of the navy within the meaning of another statute). The case of Long Island R. Co. v. Lowe, 2 Cir., 145 F.2d 516 involved the question whether the employee's status as seaman or longshoreman should be determined by his duties on the day of the accident; it has nothing to do with the case at bar.

The appellant apparently contends, although without amplification by argument, that the district court erred in refusing to consider an affidavit submitted after the trial. The affidavit alleges that the claimant was a member of Lighter Captains Union, Local 996, International Longshoremen's Association. The relevancy of such fact is not apparent, but in any event no error was committed in excluding the affidavit for a trial de novo as to statutory jurisdictional issues is not permissible. South Chicago Coal & Dock Co. v. Bassett, supra.

Judgment affirmed.