UNITED STATES v. GALLOPS.

GALLOPS v. UNITED STATES.

No. 14349.

United States Court of Appeals
Fifth Circuit.

Sept. 9, 1953.

Jack J. Gautier, U. S. Atty., Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for the United States.

Vincent P. McCauley, Columbus, Ga., for Homer Gallops.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This suit brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 et seq., 2671 et seq., is for damages resulting from a collision between an automobile driven by plaintiff and an M–26 tank belonging to the United States Army and driven by an Army private.

Plaintiff's complaint alleged in general terms that he sustained serious personal injuries and property damage as the result of the collision which was proximately caused by the negligence of the employee or employees of the defendant acting in line of duty and within the scope of their employment (1) in operating an instrumentality of war without due regard for the rights of others using the highway (2) in failing to place, or to properly place road guards to warn vehicles of the proximity of a dangerous instrumentality of war and (3) in failing to place warning signals or take other measures to caution users of the state highway that tanks might be crossing the highway at the point of collision.

The Government's answer denied that it was guilty of negligence in the particulars alleged and pleaded the negligence of plaintiff as being the sole and proximate cause of the collision.

The District Judge to whom responsibility for the trial of the facts is given under the statute found for the plaintiff and gave judgment in the sum of $5,000. He found that plaintiff was somewhat negligent in not keeping a lookout ahead and discovering the presence of the tank on the highway and observing the warning given by the lookout and that the officers in charge were guilty of negligence in not posting lookouts on either side of the convoy at a distance sufficiently far in each direction to warn persons on the highway of its use and occupancy by the army tanks. He further found that both the plaintiff and the defendant's agents were negligent, but that the defendant's negligence far exceeded the negligence of the plaintiff, and applying the Georgia doctrine of comparative negligence and apportionment of damages[1] reduced the amount of plaintiff's recovery accordingly. In reaching the amount of the award the District Judge concluded that he could not legitimately deduct the amount of sick and annual leave compensation which the Government paid to plaintiff during a part of the time that plaintiff was not working due to his injuries.

The Government and the plaintiff have each appealed from the judgment.

The Government attacks the judgment on two grounds. As its first and most important ground it is claimed that the evidence conclusively shows that the plaintiff was negligent and that the Government was not negligent in any respect, and in the alternative, that the evidence failed to show that the negligence of the Government exceeded that of plaintiff. In support of its contention the Government sets out in its brief a summary of the evidence as it claims the record presents it.

The plaintiff, insisting that the Government's brief does not truly reflect the

---

1. Georgia Code of 1933, § 105–603; Atlantic Greyhound Corporation v. Loudermilk, 5 Cir., 110 F.2d 596.

record on the issues of negligence, sets out in brief his analysis and appraisal of the evidence bearing upon the issues. In addition and in support of his appeal challenging the inadequacy of the award plaintiff points to the evidence which shows the extent of his injuries, disability and loss of earning power.

It thus appears that there is no dispute between the parties as to the principles of law governing here but only as to their application to the facts the record presents. It will, therefore, serve no useful purpose for us to either quote or abstract the testimony. It is sufficient for us to say that the record fully supports the findings made by the court, as trier of the facts. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., commands us to sustain the findings of a trial judge unless clearly erroneous,[2] regardless of what we, if charged with the responsibility of the findings in the first place, would have found. There was sufficient evidence here to support the conclusions reached by the trial judge.

As to the second contention. The Government citing Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and its reconsideration in 4 Cir., 176 F.2d 482, asserts that the court committed error in refusing to consider compensation paid to plaintiff by the defendant in the form of sick and annual leave in the mitigating of plaintiff's damages. We cannot agree with the Government's view. The sick and annual leave payments were not in the nature of gratuities but were on account of accumulation earned by plaintiff previously. These payments were not made as compensation for the particular injuries suffered but because of a pre-existing agreement based upon length of employment. The case of Brooks v. United States, supra, involved a "gratuity"[3] and is accordingly not in point. We think the District Judge rightly refused to con-

sider these payments in making his award.

The judgment of the District Court is Affirmed.

2. Hubsch v. United States, 5 Cir., 174 F.2d 7, 8.

