**WOODFIELD FISH & OYSTER COMPANY, and Car & General Insurance Corporation, Ltd.,**

v.

**Carl WILDE, and Stephen O'Hearne, Deputy Commissioner Fourth Compensation District.**

**No. 3637.**

United States District Court
D. Maryland, Admiralty Division.

Oct. 4, 1953.

**332**

J. Gilbert Prendergast (Clark & Smith), Baltimore, Md., for libelant.

George W. Baker, Jr., Baltimore, Md., for Wilde.

George Cochran Doub, U. S. Atty., Baltimore, Md., for O'Hearne.

CHESNUT, District Judge.

This is another case arising under the provisions of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. An award was made by the Deputy Commissioner in favor of an employee of Woodfield Fish & Oyster Company, for accrued past benefits occasioned by disability from accidental injury, and for continuing benefits thereunder until further order. The employer has filed a complaint to review and set aside the award. The only ground therefor which is now pressed by counsel for the employer is based on the contention that the employee is not entitled to the benefits of the Act because by section 903 it is provided that

No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel, * * *." The point urged in argument by counsel for the employer is that the employee was the master of a vessel.

The employer, Woodfield Fish & Oyster Company, is engaged in planting, harvesting and packing fish and oysters and has a plant therefor on the Chesapeake Bay on the Eastern Shore of Maryland. For some years prior to the accidental injury Carl Wilde, the employee, was employed by Woodfield principally as a supervisor of its plant and operations. During much the larger portion of his time he was occupied in his duties on shore; but for a short period of time during the year his duties consisted at times of being in charge of a small boat belonging to the employer for use in dredging or harvesting oysters on leased oyster beds. At times he would have two other employees with him when using the boat but on the day of the accident he was operating the boat alone. On May 16, 1953 he operated the boat to one of the leased oyster beds for the purpose of lifting an oyster buoy from the water to the boat. In doing so he sustained an accidental injury to his back which resulted in disability for

which the award was made after he had duly filed claim for compensation.

The Deputy Commissioner made findings of fact and entered his conclusions and made the disability award which is sought here to be reviewed. The principal findings of the Deputy Commissioner relating to the question presented whether at the time of the injury the employee could properly be considered not a master or crew of the vessel and therefore subject to the benefits of the Act are (1) that the claimant's employment as supervisor for the employer included supervising other laborers in the planting and harvesting of oysters, supervising other employees in the operation of a fish and oyster packing and freezing plant and having charge of maintenance of the plant, and the employer's crafts and (2) that the boat used was a 44 foot motor powered boat used in the planting and harvesting of oysters in local waters, having a covered pilot house and a power winch, but no living quarters or equipment for the preparation or serving of meals.

It also appears from the record in the case that Wilde held a master's license for the navigation of small boats but that no such license was required for the operation of The John Edward, the boat used by him, which itself was not a registered boat. It had a 25-horse power motor.

█ The Deputy Commissioner found and concluded that he could not properly be considered to have been a master or a member of the crew of the vessel within the meaning of the Longshoremen's Act. It is well settled in this class of cases that the findings and conclusions of the Deputy Commissioner are not to be set aside where they are sustained by substantial evidence on the record of the case viewed as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. After hearing and carefully considering the oral and written arguments of counsel for the respective parties, I conclude that the complaint to set aside the award must be dismissed.

The Act does not particularly define the scope and meaning of the phrase "master or member of a crew of any vessel". And it is therefore perhaps not very surprising that there have been many judicial decisions construing and applying the phrase to the particular facts of the several cases as they arise, and sometimes it may seem that the distinctions made are fine and perhaps difficult to fully reconcile. Thus a bargeman on a scow not self-propelled even when constituting the only attendant thereon has under the particular surrounding facts been held to be the crew or a member of the crew of a vessel, Norton, Deputy Commissioner v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430, while under different surrounding conditions an employee of a somewhat similar nature has been held not to have been a member of the crew of a vessel within the meaning of the Act. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, and De Wald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810, cited with apparent approval in the opinion of Chief Justice Hughes in the Bassett case, supra, 309 U.S. at page 260, 60 S.Ct. at page 549. See also opinion in this court involving somewhat similar facts in Harper v. Parker, D.C., 9 F.Supp. 744.

As the statute does not define the scope of the phrase "master or member of a crew of any vessel," the intent of Congress has been judicially determined principally from the legislative history of the Act as reviewed by the Supreme Court in the recent cases of South Chicago Coal & Dock Co. v. Bassett, and Norton v. Warner Co., supra. In those cases it is pointed out that when Congress was considering the passage of a compensation act, similar in nature to workmen's compensation laws of the several States, and within the constitutional power of Congress with respect to injuries to employees occurring on navigable waters, objection to the inclusion of "seamen" was made by organized interests representing maritime employees because it was thought by them that the seamen's rights would be

more amply protected under the general admiralty law with reference to maintenance and cure and the Jones Act, 46 U.S.C.A. § 688, and other federal statutes. But in the final draft of the Longshoremen's Act the phrase "master or member of a crew" was subtituted for the word "seamen", as less subject to uncertainty in legal meaning.

On comparison of the reasoning of the Supreme Court in the Bassett case, where the employee was held not included in the exception, with that in the Norton case where the employee was held included, I think the reasoning of the former is more applicable than that of the latter to the instant case.

██ In a quite recent case in the 6th Circuit, Wilkes v. Mississippi River Sand & Gravel Co., 202 F.2d 383, it was suggested in the opinion that there are three tests to determine whether the employee is a member of the crew of a vessel within the meaning of the Longshoremen's Act. They are (1) that the vessel be navigable; (2) whether the employee has more or less permanent connection with the vessel and (3) that he be on board primarily to aid in navigation. In the case at bar it may be said that the employee in using the boat to lift an oyster buoy was in one sense, of course, necessarily required to navigate the boat; but in the instant case it appears that the employee used the boat only incidentally in connection with his general duties for the employer, and that he did not sleep on the boat or ordinarily have his meals thereon. It cannot be said that he used the boat even as a temporary home or abiding place; nor did he look to the boat itself for the payment of his salary or wages. In short, it cannot be said from the facts of the case that he had any permanent connection with the vessel. A comparatively recent case in the Second Circuit, William Spencer & Son Corp. v. Lowe, 1945, 152 F.2d 847, presents a factual situation fairly close to the instant case, where the captain of a lighter in the New York Harbor did not live or sleep on the boat and was held not to have been a mas-

ter of the boat within the meaning of the Act.

██ It must not be forgotten that the authority is given to the Deputy Commissioner in these cases to find the facts, and where there is substantial evidence on the whole record to support his findings, they should not be set aside by the court on a complaint to review them. Of course where the controlling facts are uncontradicted they may necessarily present a question of law alone to be decided by the court, and may in some cases warrant setting aside the award by the Deputy Commissioner as contrary to law as provided in section 921 of 33 U.S.C.A. But on the other hand where the facts are not wholly undisputed or where the question to be decided is a combined one of law and fact, the Deputy Commissioner is authorized to draw reasonable inferences from the record before him, and where there is substantial evidence in the whole record to support his findings and conclusions it should not be set aside. Here the Deputy Commissioner on the facts has determined that the employee was not a master or member of the crew of the vessel within the meaning of the Act, and I am unable to find from the record as a whole that he was not justified in so determining. The principal, and practically the only, criticism of the Commissioner's stated findings by counsel for the employer is that he ignored the testimony of the employee himself in which the latter said on one or more occasions that he, the employee, was the master of the boat. But I do not think this particular statement of the employee in connection with the whole case can be regarded as important or controlling. While the claimant was undoubtedly in charge of the boat at the time of his injury and acting within the scope of his employment so that third persons could have held the employer responsible for the agent's negligence, I do not think the witness' own characterization of his relationship to the boat at the time could be considered important or significant to bring him within the excepted class of "a master or member of a crew"

of the vessel within the meaning of the Act as authoritatively described in the Supreme Court decisions above mentioned.

Therefore it is ordered this 4th day of October 1954 by the United States District Court for the District of Maryland that the complaint in this case be and the same is hereby dismissed.