Moss, Judge,
delivered the opinion of the court:
The plaintiff, Robert H. Lenson, enlisted in the Navy February 25, 1907, and served as an enlisted man from that date until May 2, 1918, when he received a temporary appointment as acting pay clerk. On November 22, 1918, he was given a temporary appointment as assistant paymaster in the Navy with the rank of ensign. On October 11, 1919, he attained the rank of lieutenant, junior grade, and continued so to serve until July 80, 1921, on which date he was commissioned a regular assistant paymaster with the rank of lieutenant, junior grade, from July 1, 1920, this being; his first appointment to a commissioned grade in the permanent Navy. On December 21, 1922, he was commissioned a regular past assistant paymaster with the rank of lieutenant, and on March 14, 1923, received a commission in the same rank, dating from June 8, 1922, and has since that date continuously served in that capacity. On June 30, 1922, plaintiff attained a total naval service, enlisted and commissioned, of 15 years, 2 months, and 14 days.
Plaintiff claims to be entitled, under the joint service pay act of June 10, 1922, 42 Stat. 625, by reason of his total service of more than 14 years, to receive the pay and allowances of the fourth-pay period from and after July 1, 1922, until April 23, 1924, when he began to receive such pay and allowances by reason- of service extending over a period of 17 years.
For a period of more than a year after April 1,1923, plaintiff was paid as an officer in the fourth-pay period, and in April, 1924, all amounts so paid were checked against and deducted from plaintiff’s account by the General Accounting Office. This action is for the recovery of same.
It is provided in the act mentioned, that — ■
“ The pay of the fourth period shall be paid to lieutenant colonels of the Army, commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fifth or sixth period; to majors of the Army, lieutenant commanders of the Navy and officers of corresponding grade who have completed fourteen years’ service, or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army, or who *423 were appointed to the Regular Army under the provisions of the first sentence of said section 24; to captains of the Army, lieutenants of the Navy, and officers of corresponding grade who have completed seventeen years’ service, except those whose promotion is limited by law to this grade and who áre not entitled under existing law to the pay and allowances of a higher grade; and to lieutenants of the Staff Corps of the Navy, and lieutenants and lieutenants "(junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period.”
It is further provided—
“ For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay except active commissioned service under a Federal appointment and commissioned service in the National Guard when called out by order of the President. For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay, * *
The act of March 3, 1883, 22 Stat. 472, 473, in force at the time of the enactment of the joint service pay act defined “ all service which is now counted in computing longevity pay ” as follows:
“And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service.”
Plaintiff having been a commissioned officer in the service on June 30, 1922, is entitled to count his entire service from the date of his enlistment, a period of more than 15 years, and should recover the amount due him, which is $1,935.89.
In the case of Hendee v. United States, 124 U. S. 309, which involved ‘the question as to whether or not the period during which plaintiff in that case served as a paymaster’s clerk in the Navy should be counted for the purpose of increasing his salary under the longevity provisions of the statutes, it was held that service “ as officers or enlisted men ” includes all service in the Navy.
*424 It is the judgment of the court that plaintiff recover herein the sum of $1,935.89.
Gkaham, Judge; Hay, Judge; Booth, Judge; and Campbell, OMef Justice, concur.