## UNITED STATES *v.* LENSON.

No. 48. Argued October 24, 1928.—Decided November 19, 1928.

*Solicitor General Mitchell*, with whom *Assistant Attorney General Galloway* was on the brief, for the United States.

*Mr. George A. King*, with whom *Messrs. Wm. B. King* and *George R. Shields* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a claim by a lieutenant of the Staff Corps of the Navy, under the Act of June 10, 1922, c. 212, 42 Stat. 625, (Code, Title 37, §§ 1, 4,) which went into effect on July 1, 1922, that by § 1 of that Act he is entitled to pay of the fourth period there mentioned from the date of the Act to April 23, 1924, amounting to $1,935.89. On the last date he had served seventeen years, as enlisted man and officer, and since then has received fourth period pay. The Court of Claims gave the claimant judgment for the sum named. A writ of certiorari was granted by this Court, 276 U. S. 612.

As stated by his counsel the claimant had been in continuous service for over fifteen years when the Act took effect, about eleven years as enlisted man, six months as a warrant officer and three and a half years as commissioned officer. His first appointment in the permanent service in the Navy was as a lieutenant, junior grade, of the Staff Corps, corresponding to a first lieutenant in the

Army. The pay of the fourth period, $3,000, is given "to lieutenants of the Staff Corps of the Navy, and lieutenants and lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period." The absence of a comma after 'Coast Guard' is laid hold of to show that the qualification as to commissioned service applies only to the last clause and not to lieutenants of the Staff Corps of the Navy, but no intelligible reason is given for limiting it in that way. The length of commissioned service seems in reason as proper a consideration in determining the pay of one class as of the other. If then the claimant's total commissioned service must have equaled that of lieutenant commanders of the Navy drawing fourth period pay, we are of opinion that his claim must fail.

The pay of the fourth period is given by the same section to lieutenant commanders of the Navy, "who have completed fourteen years' service, or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army." The claimant points out that his first appointment corresponded, as we have said, to that of a first lieutenant in the Army. But the requirement is that his commissioned service should equal that of lieutenant commanders. If this could be satisfied by any service less than the fourteen years, the alternative would be that of a lieutenant commander drawing fourth period pay whose total service was not more than what the claimant can show.

It is argued that by the Act of March 3, 1883, c. 97, 22 Stat. 473, (Code, Title 34, § 231,) all service of the officer was put on the footing of commissioned service, and that by this same § 1 of the Act of 1922 now before us, "For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted

in computing longevity pay." But when Congress with all this before it, specified commissioned service we must take it to have meant commissioned service and not something else that for other purposes was just as good.

The same paragraph of the same section gives pay of the fourth period to lieutenants of the Navy 'who have completed seventeen years' service.'' Under that provision the claimant's service as an, enlisted man is counted and he now gets the pay. But this brings out the contrast embodied in the words between service and commissioned service. Assuming that lieutenant commanders could make out their fourteen years by counting service rendered before they received commissions, still it is the commissioned service of the claimants that must equal that of the lieutenant commanders, and we repeat the claimant shows no case of a lieutenant commander whose service or even whose commissioned service was not more than about three years and a half. The statute is not very clear, but we are of opinion that the Government is right in denying the claim.

*Judgment reversed.*