LittletoN, Judge,
delivered the opinion:
The act of June 10, 1922, 42 Stat. 625, makes provision for pay and allowances based not alone upon rank but, also, upon length of service and, in certain instances, particular kinds of service. It also contains provisions for the benefit of certain groups, among which are officers of the Staff Corps of the Navy. In fixing the pay of officers of the fourth period, the act in section 1, paragraph 5, provides, so far as material here, as follows:
“ The pay of the fourth.period shall be paid to lieutenant colonels of the Army, commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fifth or sixth period; to majors of the Army, lieutenant commanders of the Navy, and officers of corresponding grade who have completed fourteen years ’ service; * * * And to lieutenants of the Staff Corps of the Navy, and lieutenants and lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose toted commissioned service equals that of lieutenant commanders of the line of the Nmy drawing the pay of this period.” (Italics supplied.)
*304 Paragraph 11 of section 1 further provides, as follows:
“ For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay except active commissioned service under a Federal appointment and commissioned service in the National Guard when called out by order of the President. For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity ]iay. * * * and also 75 per centum of all other periods of time during which they have held commissions as officers of the Organized Militia between January 21, 1903, and July 1, 1916, or of the National Guard, the Naval Militia, or the National Naval Volunteers since June 3, 1916, * * * shall be included in the computation.”
The language of this section is that for the purpose of computing the pay of officers in the service on June 30, 1922, there shall be included 75 per centum of all other periods of time during which they have held commissions as officers of the Organized Militia, and we think the expression “ total commissioned service ” used in paragraph 5 of section 1 was intended to include the 75% of the officer’s service as a commissioned officer in the Naval Militia as specified in paragraph 11 of the same section. It is noted that the service in the Naval Militia which an officer is permitted to include in the computation of his pay is restricted to the period of time during which he held a commission as such officer. Congress clearly indicated its purpose to discriminate in favor of commissioned service in the Naval Militia and it is reasonable to assume that it was intended that the time during which the officer in the service on June 30, 1922, held a commission in the Naval Militia should be included in the. expression “ total commissioned service ” as used in the act. The use of the word total should leave no doubt as to the construction intended. It is all-inclusive, without restriction or limitation. This construction is strengthened when it is noted that paragraph 11 of section 1 of the act specifically denies credit for such service to those appointed after June 30, 1922, except when called out by order of the President.
House Report 926, 67th Congress, 2d session, part 2, page 7, with reference to the act of June 10, 1922, stated:
*305 “The pending bill * * * proposes to give to many * * * lieutenants of the Staff Corps of the Navy * * * constructive service, varying from one to four years, and in some instances gives more, and this constructive service, so proposed to be given, will hereafter operate to advance these officers to pay periods higher than those corresponding to the grade in which they hold commissions.”
And, further, in House Report 753, 67th Congress, 2d session, page 3, it is stated that “* * * The compensation is commensurate with the duties and responsibilities attached to rank, yet provides for increases due to increased experience and efficiency apart from rank.”
It seems that in providing for the computation of 75% of service as commissioned officer in the Naval Militia, Congress recognized the value of such service and training and its contribution toward the efficiency and fitness of the officer. This case is to be distinguished from Lenson v. United States, 63 C. Cls. 420, 278 U. S. 60, in that the plaintiff in this case has had the required amount of commissioned service to entitle him to the pay of the fourth period for the time claimed, whereas Lenson did not have the required amount of commissioned service but contended that his enlisted and warrant service were the equivalent of commissioned service.
The Government contends that the service which plaintiff, as a lieutenant of the Staff Corps of the Navy may count for pay purposes is confined to Federal commissioned service, and is therefore exclusive of commissioned service in the Naval Militia or the National Naval Volunteers while in an inactive status; that the expression “commissioned service ” as used in section 1, paragraph 5, of the act means active commissioned service in the.regular establishments enumerated in the act, and is not affected by any of the provisions contained in paragraph 11 of section 1 which describes the service generally to be counted for determining the pay of an officer; that if credit is given for inactive service under a commission in an adjunct force it will create an inequality in his favor as against an officer appointed from civil life and that by limiting the credit to active commissioned service such inequality disappears. We can *306 not agree with this construction. The plain language of the statute is against it. We may not be governed in our construction of the act by apparent inequalities against which the statute fails to provide.
Plaintiff was entitled to the pay of the fourth period from June 5, 1924, on which date his total commissioned service was equal to that of lieutenant commanders of the line of the Navy, and who on that date themselves became entitled to the pay of the fourth period, to June 30, 1926, inclusive.
Judgment for the plaintiff for $2,231.86 will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; GkeeN, Judge; and Booth, Chief Justice, concur.