Whxtakee, Judge,
concurring:
I concur, but I would like to add to the majority opinion the following observations:
The fifth paragraph of section 1 of the Act of June 10, 1922, c. 212, 42 Stat. 625, 626, as amended by the Act of May 23,1928, c. 715,45 Stat. 719, gives the pay of the fourth period to the following officers of the Navy: (1) commanders; (2) lieutenant commanders with fourteen years service; (3) lieutenants with seventeen years service; and (4) to “lieutenant commanders and lieutenants of the Staff Corps of the Navy * * * whose total commissioned service equals that of lieutenant commanders of the line of the Navy, drawing the pay of this period.”
Lieutenant commanders of the Navy are entitled by virtue of their rank only to the pay of the third period, but if they have had fourteen years service they are entitled to the pay of the fourth period. Paragraph 5 entitles lieutenant commanders and lieutenants of the Staff Corps of the Navy to fourth period pay only when they have had a length of commissioned service equal to that which entitles lieutenant commanders of the line to that pay. This length of service ordinarily is fourteen years. Plaintiff has not had this length of service, but he says that he is nevertheless entitled to fourth period pay because Lieutenant Commander Robertson is drawing fourth period pay and because his length of commissioned service is less than plaintiff’s.
This is true, but Lieutenant Commander Robertson is drawing fourth period pay because at the time he retired an officer was entitled to include the period of his service at the Naval Academy in computing his length of service; but, in 1913, prior to plaintiff’s appointment to the Academy, Congress provided[1] that officers thereafter appointed were not entitled to include the period of their service in the Naval *804 Academy in computing their length of service, and plaintiff, ■.therefore, is expressly prohibited from doing so. But, what .he in effect seeks to do is to add to his commissioned service a sufficient part of Robertson’s service in the Academy to "bring his total commissioned service up to the required fourteen years. He would thus accomplish indirectly what he .■could not accomplish directly. Robertson gets fourth period' pay only by including his service in the Academy. Plaintiff ■ can get it only by adding on to his commissioned service Robertson’s Academy service. This seems to me to be contrary to the intention of Congress. If an officer could not "include his own service in the Academy, certainly it was not 'intended that he could include the service of another. The .Act' of 1913 is a limitation on the Act of May 23, 1928, . supra. This plaintiff is not entitled to fourth period pay if to qualify himself therefor he must include in his length of ■service either his own service in the Academy or that of an-other.
If plaintiff, can thus use Robertson’s Academy, service, so man every other lieutenant commander and lieutenant in the .Staff Corps of the Navy and every lieutenant commander, lieutenant, and lieutenant (junior grade) of the line and engineer corps of the Coast Guard whose commissioned service i comes within four years of the required fourteen years. The •purpose sought to be accomplished by the Act of 1913 would ■"thus bé largely defeated. For a large number of officers ■appointed after 1913, Academy service would be taken into .• account. I am convinced that Congress did not intend this.
If plaintiff, a lieutenant,. is entitled to this pay, he ■would be paid higher than most of the lieutenant com-manders of the line who had had equal service. It was the :intention.of Congress to bring the pay of staff officers up to -that of line officers, but it never was intended to pay them :more.
Cf. United States v. Lenson, 278 U. S. 60.

 37 Stat. 891.